## ANDREWS, EXECUTRIX OF ANDREWS, *v.* JOHN NIX & COMPANY.

## ANDREWS, EXECUTRIX OF ANDREWS, *v.* HENDRICKSON.

### ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE OF NEW JERSEY.

Nos. 140, 141. Argued January 22, 1918.—Decided March 4, 1918.

Creditors who participated in the initiation of involuntary bankruptcy proceedings, in the election of a trustee and in a creditors' meeting resulting in expense to the estate, and who filed and secured allowance of their claims, but who received no payments and, before any dividend was declared, obtained an order that their claims be wholly withdrawn and expunged and excluded from participating in the distribution of the estate, *held* not to be "creditors participating in the distribution" of the estate "under the bankruptcy proceedings" within the meaning of § 70a, subdivision 5, of the Bankruptcy Act. 88 N. J. L. 721, 718, affirmed.

THE cases are stated in the opinion.

*Mr. Samuel H. Richards*, with whom *Mr. Thomas E. French* was on the briefs, for plaintiff in error.

*Mr. Henry F. Stockwell,* with whom *Mr. E. G. C. Bleakly* was on the briefs, for defendants in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

These two cases, presenting the same question for decision, were argued and will be decided together.

On February 3, 1910, the defendant in error, John Nix & Company, and two other creditors filed an involuntary petition in bankruptcy against Benajah D. Andrews. On the 15th day of the same month Andrews died and the plaintiff in error was duly appointed executrix of his will. On the 4th of the following April the estate of Andrews was adjudicated bankrupt by the District Court and on the 28th day of the same month a trustee was appointed. Each of the defendants in error promptly made proof of a claim against the bankrupt estate, and both claims were forthwith allowed.

On February 13, 1914, almost four years after these claims were allowed, on the application of Nix & Company and of Hendrickson, the District Court ordered that the claim of each of them "be wholly withdrawn from said bankruptcy proceeding and expunged from the list of claims upon the record in this case and excluded from participating in the distribution of the estate . . . of the bankrupt." After the entry of this order a dividend was declared and paid by the trustee in which Nix & Company and Hendrickson did not participate. No order for the discharge of the bankrupt estate was applied for or granted.

At the time of his death Andrews owned two policies of insurance upon his life, one payable to his estate and the other payable to his executors, administrators and assigns. The proceeds of these two policies, less loans secured by them and less their surrender value, which was paid to the trustee in bankruptcy, were paid to the

plaintiff in error as executrix and the money is held by her subject to the decision of this case.

The defendants in error instituted suits in the Supreme Court of the State of New Jersey to recover judgments on the same claims which had been allowed by the trustee but were subsequently withdrawn. The cases were submitted to the court upon a stipulation as to the essential facts substantially as we have stated them, and each recovered a judgment which was affirmed by the Court of Errors and Appeals of the State of New Jersey, which judgments are before us for review.

The case is in very narrow compass and calls upon us to consider the proviso of subdivision 5 of § 70a of the Bankruptcy Act of 1898 and to decide whether the defendants in error "participated in the distribution" of the bankrupt's estate under the bankruptcy proceedings, within the meaning of that proviso, which reads as follows:

"Provided, that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy *free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings*, otherwise the policy shall pass to the trustee as assets."

The argument of the plaintiff in error is that these defendants are brought within the purpose, if not within the express terms, of this statutory proviso and should not recover, for the reason that they participated in the election of the trustee in bankruptcy, proved their claims, and were represented in the meeting of creditors at which important action was taken involving expense to the bankrupt estate.

Unfortunately for the validity of this argument the provision of the statute is not that the proceeds of the insurance policies may be held "free from the claims" of creditors *who participated in the bankruptcy proceedings,* but only from the claims of creditors *"participating in the distribution of the estate in the bankruptcy proceedings."*

Whether a line of discrimination between such two classes of creditors is wise or logical is not for us to decide. It is enough that it lies plainly obvious upon the face of the statute. No dividend was paid creditors until after the defendants in error by order of the court had been excluded from participation in the distribution of the estate, and it is stipulated in the agreed case that no payment was made to either of them. The meaning of the proviso is too plain, for discussion or interpretation and that the defendants in error did not "participate in the distribution of the estate in the bankruptcy proceedings" is clear. The judgments of the Court of Errors and Appeals of the State of New Jersey must be

*Affirmed.*