### TJOSEVIG v. BOYLE, U. S. Marshal, et al.

(Circuit Court of Appeals, Ninth Circuit. October 18, 1920. Rehearing Denied December 6, 1920.)

No. 3482.

1. **Post office ⟷48(4)—Indictment for using mails to defraud sufficient.**
   Indictment for using the mails to defraud *held* sufficient, when it charged that defendants devised a scheme to sell stock of a copper company by means of representations known to be false, and that they used the mails in distributing letters and circulars containing such representations.

2. **Conspiracy ⟷43(9)—Indictment for conspiring to use mails to defraud sufficient.**
   An indictment under Penal Code, § 37 (Comp St. § 10201), for conspiring to use the mails to defraud, charging that defendants devised a scheme to sell stock of a copper company, that false representations were made, that they used the mails in distributing letters and circulars containing such representations, that they contracted with a stock brokerage firm for sale of such stock, and that a certain defendant had paid another defendant money for securing his aid, is sufficient.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceeding by Christian Tjosevig against John M. Boyle, as United States Marshal for the Western District of Washington, and F. J. Colligan, Deputy United States Marshal. From an order discharging the writ, and directing applicant's removal to another jurisdiction, he appeals. Affirmed.

Vivian M. Carkeek, Donald A. McDonald, W. H. Harris, and George Coryell, all of Seattle, Wash., for appellant.

Robert C. Saunders, U. S. Atty., and Robert E. Capers, Asst. U. S. Atty., both of Seattle, Wash., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HUNT, Circuit Judge. Appeal from an order discharging a writ of habeas corpus and directing removal of appellant to another jurisdiction. Defendant Tjosevig, appellant, was indicted with Rowe and others in the District Court of the Southern District of New York. The indictment contains six counts, the first five of which charge violation of section 215 of the Penal Code (Comp. St. § 10385); the sixth charges violation of section 37 of the Penal Code (section 10201). The indictment is similar to that in Rowe v. Boyle, 268 Fed. 809, heretofore decided by us, and the appeal is of the same character.

[1] The contention of appellant is that the false representations alleged in the indictment are "in the form of the negatives pregnant," and that as a consequence defendant had no notice of the nature of the charges made against him and could not prepare for his trial. We think it unnecessary to elaborate upon what we said in Rowe v. Boyle, and under the authority of that case we hold the indictment to be sufficient in its essential averments as a charge for violation of section 215 of the Penal Code.

[2] The special objection to the sixth count is that it is not alleged that the conspirators intended to use the mails to defraud; that no overt act is alleged to have been done to further the object of the conspiracy. The allegations are that defendants willfully and knowingly conspired and agreed among themselves to violate section 215 of the Penal Code, and knowingly conspired together and agreed among themselves to devise a scheme and artifice to defraud a large number of persons described as those who might be induced and persuaded to buy shares of the capital stock of the Copper Company, by obtaining from them, called "victims," their money and property by means of false and fraudulent pretenses, representations, and promises, and that, having devised said scheme and artifice, defendants, for the purpose of executing the same and attempting so to do, would place and cause to be placed in authorized depositories for United States mail matter in the New York district certain letters, writings, circulars, pamphlets, and advertisements containing statements and representations in regard to the property and stock of the Copper Company. This averment is followed by specific charges that the defendants were to do certain things, namely, induce a certain firm of stockbrokers to sell and offer for sale 500,000 shares by advertisement circulars to be mailed, and to induce persons to buy stock by holding out that the money received from the sale of stock would be used to develop the property of the Copper Company; "said representations, as the defendants well knew, being false, fictitious, and fraudulent." There are numerous other allegations with respect to the sale of stock, and representations made by the defendants, all of which are alleged to have been well known to the defendants to be "false, fictitious, and fraudulent."

Among the overt acts distinctly alleged to have been done "in pursuance of and to effect the object of said conspiracy" are that defendant made a written contract with Willis & Co., stockbrokers of New York, in regard to the sale of stock of the Copper Company, and that Tjosevig came from Alaska to New York with intent to assist in the

sale of stock of the Copper Company, and that in September, 1916, one of the defendants, Hancock, wrote a letter to another defendant, Rowe, requesting Rowe to send him $400 for his services in connection with a certain report on the property of the Copper Company theretofore signed by Hancock; that to carry out the purposes of the conspiracy one of the defendants, Rowe, obtained from another defendant, Snyder, a check for $420, payable to the defendant Rowe as a fee for the defendant Hancock.

Our opinion being that the indictment charges violation of the sections of the Penal Code heretofore referred to (United States v. New South Farm & Home Co., 241 U. S. 64, 36 Sup. Ct. 505, 60 L. Ed. 890, Ann. Cas. 1917C, 455), the order appealed from is affirmed.

Affirmed.