## CHEW v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 14, 1925.)

No. 6922.

**1. Post office ⊂⊃35—Offense of using mails to defraud not confined to dealings in counterfeit money.**

Penal Code, § 215 (Comp. St. § 10385), embraces offense of using United States mails to effect scheme devised by defendant to obtain money by false and fraudulent pretenses; the amendment of Rev. St. § 5480, by Act Cong. March 2, 1889, specifying counterfeit money schemes, not narrowing scope of section, but broadening it.

**2. Indictment and information ⊂⊃6—Indictment not invalid because grand jury was impaneled for entire district, instead of particular division.**

Judicial Code, § 53 (Comp. St. § 1035), requiring prosecutions to be tried within division of district where offense was committed, does not render invalid indictment by grand jury charged to inquire into offenses committed within entire district, since indictments might be remitted to several divisions in which offenses were committed.

**3. Post office ⊂⊃48(4)—Indictment alleging time of mailing letters promoting fraudulent scheme sufficient, without particularizing time of other acts.**

Placing of letters in mail in execution of scheme to defraud constitutes gist of offense, and an indictment which alleges specific time of such acts is sufficient, and the scheme itself need be alleged only with such detail as to reasonably acquaint defendants with particulars.

**4. Indictment and information ⊂⊃71—Indictment for using mails to defraud, in promotion of fraudulent sale of oil syndicate units or shares, held not invalid for indefiniteness; "or;" "share;" "unit."**

An indictment for using mails to defraud, by promoting fraudulent sale of worthless units "or" shares in oil syndicate, held not invalid for indefiniteness, but to mean that words "units" and "shares" were synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Or; Share; Second Series, Unit.]

**5. Indictment and information ⊂⊃71—Indictment for using mails to defraud held not invalid for indefiniteness.**

An indictment for misusing mails in promotion of fraudulent scheme for sale of oil syndicate units held not invalid, as indefinite, uncertain and contradictory as to particulars in which representations were false and fraudulent, or as to how certain circulars were to be distributed, or as to the place where the dec-laration of trust of the oil syndicate was to be filed, or as to the allegation that the syndicate "would be and was" dominated and controlled by defendant.

**6. Post office ⊂⊃35—Letters mailed need not disclose fraudulent purpose.**

Letters mailed in execution of scheme to defraud need not disclose on their face any fraudulent representations or purpose.

**7. Post office ⊂⊃48(4)—Allegation that formation of fraudulent scheme was prior to mailing of letters held sufficient.**

An indictment for using the mails to defraud need not allege the exact date of formation of the scheme; an allegation that it was prior to mailing of letters being sufficient.

**8. Indictment and information ⊂⊃65—Indictment alleging that defendants mailed letters in promotion of fraudulent scheme held sufficiently specific.**

Indictment for using mails to defraud, which alleges that defendants did place or cause to be placed letters in mails, held sufficient, without specifying who placed letters in mails, which would be unnecessary allegation of evidence.

**9. Post office ⊂⊃48(4)—Indictment for fraudulent use of mails need not allege defendants profited by scheme.**

An indictment for using mails to defraud need not allege that defendants, or any of them, received money as result of their acts, since it is immaterial whether defendants profited or lost by the scheme.

**10. Indictment and information ⊂⊃99—One count may refer to previous count to avoid unnecessary repetition.**

Count in an indictment for conspiring to fraudulently use the mails, in violation of Penal Code, § 215 (Comp. St. § 10385), may properly refer to matter in a previous count, so as to avoid unnecessary repetitions.

**11. Indictment and information ⊂⊃99—Allegations of conspiracy to commit offenses charged in preceding counts held sufficient.**

Indictment alleging that defendants conspired to commit violations of section 215 of the Penal Code of the United States (Comp. St. § 10385), "and among said violations to commit the divers offenses charged against the said defendants in the preceding counts of this indictment," held to sufficiently charge that defendants conspired to devise the scheme set forth in preceding counts and to make use of the mails in carrying it out.

**12. Conspiracy ⊂⊃43(4)—Allegation of conspiring includes element of intent.**

The allegation of conspiring includes the element of intent.

**13. Indictment and information ⊂⊃129(1)—Count charging conspiracy may be joined with others charging specific offenses.**

An indictment may properly join count for conspiracy to misuse the mails with other counts, specifically charging using the mails to defraud in violation of Penal Code, § 215 (Comp. St. § 10385).

**14. Criminal law ⚖114—Overt acts need not have been committed within jurisdiction of court.**

In a prosecution for conspiracy to use the mails to defraud, it is immaterial whether the overt acts alleged were committed within jurisdiction of court or elsewhere, where defendants conspired at a point within the jurisdiction of the court.

**15. Criminal law ⚖114—Venue may be laid where scheme formed or overt act committed.**

In a prosecution for conspiracy, venue may be laid either in district where illegal agreement was formed, or in any district where an overt act was committed.

**16. Conspiracy ⚖43(5)—Count held sufficient, though omitting defendant from list of those committing overt acts.**

A count of an indictment charging conspiracy does not fail to charge an offense against a defendant because it omits his name from the list of persons claimed to have committed overt acts.

**17. Conspiracy ⚖41—Overt act of one conspirator chargeable to co-conspirators.**

Where defendants are all in a continuing conspiracy, it is immaterial by which one of them overt acts were committed, since the overt act of one is the act of all.

**18. Criminal law ⚖970(6)—Objection to duplicity too late when first made after verdict.**

Objection that counts of an indictment are duplicitous comes too late, when first made after verdict in motion in arrest of judgment.

**19. Criminal law ⚖200(6)—Conviction for both conspiracy and substantive offenses charged proper.**

Conspiracy is a distinct offense, and a defendant may be found guilty of both conspiracy and the substantive offenses.

**20. Indictment and information ⚖121(1)— Reasonable particularity only required, and defendant, anticipating surprise, should apply for bill of particulars.**

Reasonable particularity in indictment is all that is required, and if its language is such that defendant fears danger of surprise by evidence which might be offered, it is his right and duty to apply for bill of particulars.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Robert H. Chew, otherwise called Bob Chew, was convicted of using the United States mails to defraud, in violation of Penal Code, § 215, and also of conspiracy, under Penal Code, § 37, to misuse the mails, and he brings error. Affirmed.

Sam R. Chew, of Ft. Smith, Ark. (Jeptha H. Evans, of Booneville, Ark., and Joseph M. Hill, of Ft. Smith, Ark., on the brief), for plaintiff in error.

Sylvester R. Rush, Sp. Asst. Atty. Gen. (S. S. Langley, U. S. Atty., of Ft. Smith, Ark., James D. Shaver, Sp. Asst. U. S. Atty., of Texarkana, Ark., and H. L. Arterberry, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

BOOTH, Circuit Judge. Plaintiff in error, hereafter called defendant, and several others, were indicted in 10 counts under section 215 of the Penal Code (Comp. St. § 10385) for making use of the United States mails in execution of a scheme to obtain money or property by means of false and fraudulent pretenses, representations, and promises, and also, in an eleventh count, under section 37 of the Penal Code (Comp. St. § 10201) for conspiracy to commit the same substantive offenses. The government dismissed as to counts 2, 3, and 7. Defendant was found guilty on counts 1, 4, 5, 6, 8, 9, 10, and 11. One of the defendants, Louis S. Grimm, was found not guilty on each of the counts; a number of the remaining defendants pleaded guilty.

The indictment, occupying 27 printed pages, charges in the first count that, prior to the several acts of using the United States mails thereinafter set forth, defendants had devised and intended to devise a scheme to obtain money and property by means of false and fraudulent pretenses, representations, and promises, from numerous and sundry persons, too numerous to mention, said scheme being in substance as follows: That the defendants would organize an oil stock promotion company, called the Bob Chew Syndicate No. 2, under the guise of a trust estate, defendant Chew being sole trustee; that said company would enter into the pretended business of producing oil and gas, but in truth into the business of selling units or shares in the syndicate, and would appropriate the money received in payment for said shares to its own use; that it was part of the said scheme to make use of a brokerage company, to wit, the Commonwealth Brokerage Company, which would be used to send out market letters and quotations, etc.; that it was further part of said scheme to make promises that the syndicate would be operated on the actual cost plan, and that no well would cost more than $37,500; that it was further part of said scheme that said syndicate would be dominated and controlled by said defendant Chew, and that he should have as trustee un-

limited power over the trust funds; and that it was further part of said scheme that said defendants would make false and fraudulent representations and promises to the persons to be defrauded, and that false and fraudulent representations were in fact made.

The indictment then sets out a number of representations alleged to have been made as part of said scheme, among them that defendants advertised and represented that defendant Chew had kept the faith; that he had paid 100 per cent. cash dividends, and that it was only the forerunner of many more tremendous pay-offs; that the operators of defendants were in a field where the oil-producing formation proves it to be the largest and longest lived oil area the world had ever known, where the life of producing oil wells would doubtless be from 25 to 40 years; that defendant Chew had made the unparalleled record of paying a 2,400 per cent. cash dividend to his investors; that it was certain that said syndicate would be the greatest profit-payer that any oil field had ever known. The indictment then alleges that the representations so made were false and untrue, and known by the defendants to be false and untrue. The indictment then charges that the defendants, having so devised the scheme to defraud, did, for the purpose of executing said scheme, on the 10th of March, 1923, at El Dorado, Ark., place a postpaid letter in the United States mails, to be sent and delivered by the post office establishment to the addressee, W. S. Beck, 1501 South Santafe avenue, Wichita, Kan., the letter being set out at length. The remaining counts, to the tenth, inclusive, adopt the allegations of the first count, and charge respectively the placing of other letters in the mail for the purpose of executing said scheme.

The eleventh count charges that the defendants, throughout the period from January 1, 1923, to the date of the filing of the indictment, at El Dorado, Ark., within the jurisdiction of the court, and at other places "did unlawfully, willfully, and feloniously conspire, combine, confederate, and agree together, and with each other and with divers other persons to the grand jurors unknown, to commit divers offenses against the United States, to wit, violations of section 215 of the Penal Laws of the United States, and among said violations to commit the divers offenses charged against the said defendants in the preceding counts of this indictment." This count then sets out a number of overt acts alleged to have been committed by the defendants other than defendant Chew to effect the object of the conspiracy.

A demurrer was interposed by defendants Chew and Grimm to each of the counts of the indictment. The grounds of the demurrer are the same to each count, to wit, that the count does not state facts sufficient to constitute a public offense under the laws of the United States; second, that the count is so vague, indefinite, and uncertain that it does not fairly or sufficiently inform said defendants of the charge they are expected to meet at the trial. The demurrer was overruled, and trial had as above stated.

Motion in arrest of judgment was made and overruled. The grounds of the motion were that no one of the first 10 counts stated facts sufficient to constitute a violation of section 215; that the first count was duplicitous; that the eleventh count was duplicitous, and could not be joined with the other 10; that the court had no jurisdiction of offenses against the laws of the United States committed in New York, Massachusetts, etc. (places where overt acts were alleged to have been committed); and that the acquittal of defendant Grimm was inconsistent with the verdict of guilty against defendant on the charge of conspiracy.

The only errors assigned are the overruling of the demurrer and the denying of the motion in arrest of judgment. Under these assignments, counsel has with meticulous diligence attacked the various allegations contained in the several counts of the indictment. It is urged:

[1] (1) That the offense charged in the indictment, viz. that defendant "devised * * * a scheme to obtain money * * * by means of false and fraudulent pretenses and representations," and made use of the United States mails for the purpose of executing such scheme, is not within section 215, because the only offense charged in section 215 is the use of the United States post office establishment for carrying into effect a scheme or artifice to obtain or in any way deal in counterfeit and spurious money or obligation, etc., or at least that no punishment is fixed by the statute for any other offense. A sufficient answer to this contention is found in the history of the section. Its forerunner, Act June 8, 1872, c. 335, § 301 (17 Stat. 323), afterward adopted with but slight changes as section 5480, Revised Statutes, denounced but one offense, namely, a scheme or artifice to defraud to be effected by use of the mails. It read:

"That if any person having devised or intending to devise any scheme or artifice to defraud, to be effected by either opening or intending to open correspondence or communication with any other person (whether resident within or outside of the United States), by means of the post office establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice (or attempting so to do), place any letter or packet in any post office of the United States, or take or receive any therefrom, such person, so misusing the post office establishment, shall be guilty of a misdemeanor, and shall be punished with a fine of not more than five hundred dollars, with or without such imprisonment, as the court shall direct, not exceeding eighteen calendar months. * * *

By the amendment of March 2, 1889 (25 Stat. 873, c. 393), a number of other offenses were included in the section, among them the one of dealing in counterfeit money, etc., and the section as thus amended was carried forward and became section 215 of the Penal Code, with one element, however, omitted, namely, the intent to make use of the United States mails in carrying out the scheme. The Act of March 2, 1889, did not narrow the scope of section 5480 by enumerating specific schemes, but broadened the section by the inclusion of the specific schemes enumerated. Culp v. United States, 82 F. 990, 27 C. C. A. 294; Milby v. United States, 120 F. 1, 4, 57 C. C. A. 21; Kellogg v. United States, 126 F. 323, 325, 61 C. C. A. 229; Miller v. United States, 133 F. 337 (C. C. A. 8), 66 C. C. A. 399; Lemon v. United States, 164 F. 953 (C. C. A. 8), 90 C. C. A. 617; Bettman v. United States, 224 F. 819, 825, 140 C. C. A. 265. See also Streep v. United States, 160 U. S. 128, 132, 16 S. Ct. 244, 40 L. Ed. 365; Durland v. United States, 161 U. S. 306, 313, 16 S. Ct. 508, 40 L. Ed. 709.

[2] (2) That the indictment is invalid because not returned by a legal grand jury; that the grand jury which returned the indictment was illegal because, as is recited in the indictment, it was selected, tried, impaneled, sworn, and charged to inquire into and true presentment make of all offenses under the laws of the United States committed within the whole Western district of Arkansas; whereas a legal grand jury would have had jurisdiction only over offenses committed in the Texarkana division, in which division the offense was alleged to have been committed by defendant. This contention is without merit. By section 53 of the Judicial Code (Comp. St. § 1035) it is provided: "When a district contains more than one division, * * * all prosecutions for crimes or offenses shall be had within the division of such districts where the same were committed, unless," etc. This provision simply requires that the trial be had in the division where the offense was committed, but does not prevent the impaneling of a grand jury for the entire district at a session in some division, and of remitting the indictments to the several divisions in which the offenses were committed. Salinger v. United States, 265 U. S. 224, 235, 236, 237, 44 S. Ct. 519, 68 L. Ed. 989.

[3] (3) That no specific charge of committing any offense at any time and place certain is alleged in the indictment. The complaint here seems to be that the specific time when, and the specific place where the scheme to defraud was devised, are not alleged. The indictment does allege specifically in the first count that the defendants did on March 10, 1923, at El Dorado, Ark., within the jurisdiction of the court, for the purpose of executing said scheme, unlawfully place and cause to be placed in the post office at El Dorado a letter to be sent and delivered by the post office establishment to W. S. Beck at Wichita, Kan. Other counts contain similar allegations. It was the placing of the letters in the mail in execution of the scheme which constituted the gist of the offenses. Specific allegations of time and place as to these acts were necessary. The scheme itself did not need to be alleged in such specific terms, but only with such detail as to reasonably acquaint defendants with the particulars thereof. We think the indictment was sufficient in this respect. Gould v. United States, 209 F. 730, 734, 126 C. C. A. 454 (C. C. A. 8) and cases cited; Sandals v. United States, 213 F. 569, 130 C. C. A. 149; Mounday v. United States, 225 F. 965, 140 C. C. A. 93 (C. C. A. 8); McClendon v. United States, 229 F. 523 (C. C. A. 8); Gardner v. United States, 230 F. 575, 144 C. C. A. 629 (C. C. A. 8).

[4] (4) That the allegation in the indictment that it was part of the scheme that the defendants would sell units or shares, instead of particularizing which, is too indefinite to be valid. We think it is plain that the use of the word "or" in this connection simply means that the words "units" and "shares" are synonymous.

[5] (5) That the allegation of the indictment that it was part of the scheme that the

syndicate *"would be and was"* (italics ours) dominated and controlled by defendant Robert Chew is indefinite and contradictory. While we do not indorse this form of pleading, yet we think the defect complained of was one of form, and not of substance, and that no one could fail to understand the allegations as to the character of the scheme and the relationship of defendant thereto. See Gould v. United States, 209 F. 730, 735, 126 C. C. A. 454 (C. C. A. 8).

(6) That the allegation of the indictment that a declaration of trust was to be filed at El Dorado, without specifying the place where it was to be filed, is too indefinite and uncertain.

(7) That the allegation of the indictment that false representations were to be made by means of circulars, etc., without specifying how such publications were to be distributed, is too indefinite and uncertain.

(8) That the false and fraudulent representations are not set forth in the indictment with sufficient particularity.

(9) That the allegation of the indictment that the representations were false and untrue, without stating in what respect they were untrue, is too indefinite and uncertain.

The last four contentions are answered by what has been said in reference to (3) and (5), supra.

[6] (10) That the letters set up in the several counts of the indictment, respectively, do not disclose upon their face any fraudulent representations or fraudulent purpose. The answer to this contention is that the letters mailed to carry out the scheme may themselves be entirely innocent on their face. All that is necessary is that the letter mailed should be one calculated or designed to aid or assist in the execution or attempted execution of the scheme already devised. Lemon v. United States, supra; Durland v. United States, 161 U. S. 306; Savage v. United States, 270 F. 14 (C. C. A. 8); Byron v. United States (C. C. A.) 273 F. 769; Stewart v. United States, 300 F. 769 (C. C. A. 8).

[7] (11) That no specific date is alleged as to the formation of the scheme, but simply that it was prior to the mailing of the letters. The exact date of the formation of the scheme need not be alleged. See Baker v. United States (C. C. A.) 285 F. 15, certiorari denied 260 U. S. 749, 43 S. Ct. 248, 67 L. Ed. 494.

[8] (12) That the indictment does not allege who placed the letter specified in each count in the United States mails. The allegation that the "defendants * * * did .place and cause to be placed" is sufficient. To allege the name of the particular person would be simply setting out the evidence; this is not necessary.

[9] (13) That the indictment nowhere alleges that the defendants, or any of them, received any money as a result of their acts. Such fact is not necessary to be alleged or proved. Whether defendants gained or lost by the scheme is immaterial. Linn v. United States, 234 F. 543, 148 C. C. A. 309; Pandolfo v. United States (C. C. A.) 286 F. 8, 13; Moore v. United States (C. C. A.) 2 F. (2d) 839, 842.

[10-12] (14) That the conspiracy count (eleventh) charges simply violations of section 215, and that this is insufficient. The conspiracy count, however, goes much further than this. It charges that the defendants "did unlawfully, willfully, and feloniously conspire, combine, confederate, and agree together, and with each other and with divers other persons to the grand jurors unknown, to commit divers offenses against the United States, to wit, violations of section 215 of the Penal Laws of the United States, and among said violations to commit the divers offenses charged against the said defendants in the preceding counts of this indictment." It is well settled that one count may refer to matter in a previous count, so as to avoid unnecessary repetition. Crain v. United States, 162 U. S. 625, 633, 16 S. Ct. 952, 40 L. Ed. 1097; Blitz v. United States, 153 U. S. 308, 317, 14 S. Ct. 924, 38 L. Ed. 725; Browne v. United States, 145 F. 1, 6, 76 C. C. A. 31; Bartholomew v. United States, 177 F. 902, 101 C. C. A. 182; Foster v. United States, 178 F. 165, 101 C. C. A. 485; Linn v. United States, supra; Anderson v. United States (C. C. A.) 269 F. 65, 74. We think that the allegations of this count, including by reference the matter in the preceding counts, constitute a direct charge that the defendants conspired to devise the scheme set forth in those counts and to make use of the mails in carrying it out. The allegation of conspiring includes the element of intent. Frohwerk v. United States, 249 U. S. 204, 209, 38 S. Ct. 249, 63 L. Ed. 561. The allegations as to the overt acts make complete the conspiracy count.

[13] (15) That the joinder of the eleventh count (conspiracy) with the others (misuse of mails) in the same indictment is not proper. Wherein the impropriety consists is not clear. The practice of joining counts alleging particular substantive offenses with a conspiracy count to commit such offenses is quite common, and has long been recognized

by the courts. Ader v. United States (C. C. A.) 284 F. 13, 24; Sherwin v. United States (C. C. A.) 297 F. 704; Tjosevig v. Boyle (C. C. A.) 268 F. 813.

[14, 15] (16) That the locus of the overt acts is not alleged in the indictment to be within the jurisdiction of the court. One of the overt acts is alleged to have been committed within the jurisdiction of the court, to wit, at El Dorado, Union county, Ark. But it is immaterial whether the overt acts were committed within the jurisdiction of the court, or elsewhere, inasmuch as it is alleged that the defendants conspired at a point within the jurisdiction of the court. In conspiracy the venue may be laid either in the district where the illegal agreement was formed or in any district where an overt act was committed. Dealy v. United States, 152 U. S. 539, 546, 14 S. Ct. 680, 38 L. Ed. 545; Hyde v. Shine, 199 U. S. 62, 76, 25 S. Ct. 760, 50 L. Ed. 90; Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Robinson v. United States, 172 F. 105, 96 C. C. A. 307 (C. C. A. 8); United States v. Burke (D. C.) 218 F. 83; Tillinghast v. Richards (D. C.) 225 F. 226; Harrington v. United States, 267 F. 97 (C. C. A. 8); Block v. United States, 267 F. 524 (C. C. A. 8); Grayson v. United States (C. C. A.) 272 F. 553.

[16, 17] (17) That the defendant was specifically excepted from the eleventh count. The language of the count is not open to that construction. The defendant is simply excepted from the list of persons claimed to have committed the overt acts; but, if the defendants were all in the continuing conspiracy, it is immaterial by which one of them the overt acts were committed. The overt act of one is the act of all. Bannon and Mulkey v. United States, 156 U. S. 464, 469, 15 S. Ct. 467, 39 L. Ed. 494; United States v. Rabinowich, 238 U. S. 78, 86, 35 S. Ct. 682, 59 L. Ed. 1211; Jung Quey v. United States, 222 F. 766, 138 C. C. A. 314; Harrington v. United States, 267 F. 97, 103 (C. C. A. 8).

[18] (18) That each of the counts is duplicitous by reason of the use of the language "had devised and intended to devise a scheme," etc. Even if the contention were true, it is not available to the defendant, having been first made after verdict, in the motion in arrest of judgment. The courts will not give heed to a complaint of duplicity first made after verdict. Connors v. United

9 F.(2d)—23

States, 158 U. S. 408, 411, 15 S. Ct. 951, 39 L. Ed. 1033; Pooler v. United States, 127 F. 509, 62 C. C. A. 317; United States v. Bayaud (C. C.) 16 F. 376; Morgan v. United States, 148 F. 189 (C. C. A. 8), 78 C. C. A. 323; Lemon v. United States, supra.

[19] (19) That the defendant, having been found guilty of the substantive offenses in several of the counts, cannot also be found guilty of conspiracy. The conspiracy is a distinct offense. This question has been set at rest. United States v. Rabinowich, 238 U. S. 78, 85, 35 S. Ct. 682, 59 L. Ed. 1211; Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128.

[20] Finally, it may be said generally, in reference to this indictment and the foregoing attacks thereon, that reasonable particularity was all that was required. Brown v. United States, 143 F. 60, 74 C. C. A. 214 (C. C. A. 8); Horn v. United States, 182 F. 721, 727, 105 C. C. A. 163 (C. C. A. 8). And if the language of the indictment was such that the defendant felt that he was liable to be surprised at the evidence which might be offered, it was his right and duty to apply for a bill of particulars. Rinker v. United States, 151 F. 755, 759, 81 C. C. A. 379 (C. C. A. 8).

No question is raised in this case as to the sufficiency of the evidence to convict, and no question is raised as to the sufficiency or correctness of the charge of the court.

Because of the earnest insistence of counsel, however, and because of the peculiarly intimate relationship he bears to the defendant, we have carefully considered seriatim the various attacks made on the indictment. Many of them might have been disposed of by a mere reference to section 1025, Revised Statutes (Comp. St. § 1691), and to the wise provisions contained in section 269, Judicial Code, as amended (U. S. Comp. St. Ann. Supp. 1919, § 1246). Others, as has been pointed out, have been repeatedly passed upon adversely to defendant by courts of last resort. Many of the questions have been ruled upon adversely to defendant's contentions by this court also, in the recent case of Morris v. United States, 7 F.(2d) 785, opinion in which was not filed, however, until July 24, 1925, after the case at bar was submitted.

We find no error in the record prejudicial to the substantial rights of plaintiff in error. The judgment must therefore be, and is hereby, affirmed.