## GILES v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
July 15, 1929.

No. 8052.

111

J. I. Howard, of Pawhuska, Okl. (William S. Hamilton and Edward C. Gross, both of Pawhuska, Okl., on the brief), for plaintiff in error.

Roy St. Lewis, U. S. Atty., and Fred A. Wagoner, Asst. U. S. Atty., both of Oklahoma City, Okl. (William P. Kelley, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for defendant in error.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

SYMES, District Judge. Giles was convicted in the Western district of Oklahoma of violating section 215, Criminal Code (18 USCA § 338).

■ The first assignment of error is that the judgment does not state facts sufficient to constitute a crime. The charging part of the indictment says:

That one W. H. Giles, of Greenwood, Mississippi, on the 10th of November of 1920, having theretofore devised a scheme to defraud one Herring and others by means of fraudulent statements, etc., published· in "Hunter, Trader and Trapper" of October 20, 1920, and other issues of the said magazine, and by means of such fraudulent statements obtained money from said Herring et al.

That in furtherance of the execution of said scheme Giles caused to be received at the U. S. post office at Erick, in the Western district of Oklahoma, a letter which was delivered to said Herring, which had been mailed by Giles at Greenwood, Mississippi. The letter is then set forth verbatim, and states that he is able to furnish Herring a high-class dog at reasonable price, and invited him to send him $15, and he would send the dog c. o. d., subject to 15 days' trial, and inclosed a price list.

The indictment then describes the scheme as follows: That he did falsely pretend that he was engaged in the business of selling dogs trained to hunt; that he was able and willing to supply trained dogs in response to orders accompanied by cash; that he represented himself as honest, in contrast to the many crooks who were in the dog business;

that, if the dogs were not satisfactory in every particular the dog could be returned to him; that in response to the answers to said advertisements he would send through the post office circulars quoting prices on dogs which he claimed to have for sale; that when orders for dogs were received, with remittances covering either the full or part purchase price of the dogs, he would convert the money to his own use, and ordinarily ship no dogs, and if dogs were shipped they were generally unsatisfactory and were returned; and that he would not refund the money paid for dogs so returned, as quoted in his circulars and advertisements; and did not intend to, and would not, ship dogs as advertised.

Whereas the truth was that he was not engaged in the legitimate dog training and selling business, that said representations were not true, and that he was not financially or morally responsible or able to make good on each order received.

It would seem that this indictment sets out the alleged scheme devised by the defendant with sufficient clarity and detail to advise him of what he is charged with and had to meet at the trial, and that the fraudulent scheme, being easily identified from the allegations in the indictment would act as a bar to any other prosecution, though the order in which the facts are pleaded might be criticized.

Plaintiff in error argues that, irrespective of conclusions set forth, there is a conflict as to what the alleged scheme consists of. The facts relied on are set forth in such detail that the legal conclusions plaintiff in error objects to are immaterial. It certainly charges that a scheme was devised and the mail used. In Chew v. U. S. (C. C. A.) 9 F.(2d) 348, it was held that in such a situation it is defendant's duty and right to apply for a bill of particulars. There is enough particularity in this indictment to distinguish it from Peter v. U. S. (C. C. A.) 23 F.(2d) 659.

■ The second assignment complains of the overruling of the demurrer of the defendant to the evidence of the plaintiff at the close of plaintiff's case. There was no request for peremptory instruction. Counsel admits that no motion for a directed verdict was interposed, and that this assignment presents no error, but says it falls within the exception to the rule, which is: That the appellate court will, if satisfied there has been a miscarriage of justice, consider the sufficiency of the evidence, irrespective of whether the question was properly saved or not. Examination of the evidence shows that there was sufficient to go to the jury,

the defendant admitting all the material facts testified to by the government witnesses, especially the basic facts, that he did insert the advertisements, and did mail the letters as alleged.

The third assignment of error charges that the defendant was compelled to give evidence on cross-examination tending to incriminate himself upon a matter not brought out on direct examination. This question likewise is not raised by any proper exception calling the attention of the lower court to the alleged error. We think the questions complained of tended to impeach certain statements made by defendant on his direct examination. Alderman v. U. S. (C. C. A.) 31 F.(2d) 499.

The fourth assignment charged improper prejudicial argument by the district attorney to the jury, wherein he said: "There are hundreds all over the United States who have been swindled in this way." Counsel was promptly cautioned by the court, and upon repetition of the remark was reprimanded. The court also cautioned the jury to decide the case on the evidence and not on guesswork and speculation, stating specifically that there was no evidence that the defendant swindled anybody except those mentioned in the case. Granted the remarks were improper, it cannot be said, in view of the prompt reprimand and caution of the court, that they prevented the defendant from having a fair trial.

Finding no merit in any of the assignments, the judgment should be affirmed; and it is so ordered.