**UNITED STATES v. JOHNSON et al.**

No. 653.

District Court, W. D. Washington, N. D.

Aug. 3, 1931.

Tom De Wolfe, Asst. U. S. Dist. Atty., of Seattle, Wash.

W. P. Bell, of Everett, Wash., for defendant.

BOURQUIN, District Judge.

In 1888, Sarah Wallace, an Indian, possessed of all the special qualifications to enter a homestead pursuant to Act March 3, 1875 (section 15, 18 Stat. 420 [43 USCA § 189]), executed an application accordingly for the lands involved herein. In the land office the register labeled it "Act July 4/84," and receipts likewise labeled issued without payment of fees or commissions. Later in that year she made final proof including of the special qualifications aforesaid, and the final certificate and receipt issued labeled as aforesaid and again without fees or commissions. December 16, 1890, was issued the usual so-called trust patent or declaration that it was pursuant to the homestead laws and Act July 4, 1884 (section 1, 23 Stat. 96 [43 USCA § 190]); and that the United States would hold the lands in trust for 25 years and then convey to her or her heirs according to the laws of the state of the lands, Washington. In the 1890s Wallace died, in 1910 the local court issued letters of administration upon her estate to one Mills, in 1915 and at intervals thereafter the President assuming to act pursuant to Act June 21, 1906 (34 Stat. 326 [25 USCA § 391]), extended the restriction against alienation contained "in any patent to any Indian for any lands on the public domain" in the aggregate to 1945, in 1921 the Secretary of the Interior determined the heirs of Wallace were three in number, in 1926 the said court ordered the timber on the lands be sold and by Mills it was sold to defendants Dickey and Wood and some thereof by them removed, and in 1928 this suit was begun to avoid the proceedings in said court as aforesaid, to quiet title against said defendants' claim to timber and easement across said land, to recover the value of the timber, and to decree heirship as by the Secretary theretofore determined.

It is evident that Sarah Wallace instituted proceedings to enter the land involved under Act March 3, 1875, and that in the local land office the application was by the register in his own handwriting converted to an entry under Act July 4, 1884.

Although no evidence of the inspiration to this change, the presumption was, by direction of Wallace, understood and acquiesced in by her—the presumption always attaching to acts performed within official power and in discharge of duty.

However, which act controls and what restriction upon alienation, are immaterial. For although when Wallace died some time in the 1890s she was a citizen of the United States by virtue of section 6, Act Feb. 8, 1887 (24 Stat. 390), and quasi nontribal, she was also a ward of the United States. As ward, and at least so long as the United States held the legal title, restrictions on alienation could be extended or revived (McCurdy v. U. S., 246 U. S. 273, 38 S. Ct. 289, 62 L. Ed. 706; U. S. v. Jackson, 280 U. S. 183, 50 S. Ct. 143, 74 L. Ed. 361); and the state of her residence, Washington, was without jurisdiction to exercise probate over her equity in the lands of which the United States yet has the legal title. Congress, with paramount authority over Indians and their lands in status like to these, has vested the Secretary with power to determine who are the heirs to whom the fee shall be conveyed, and has not yielded any of it to the states. Some inkling why may be had when it is noted that Wallace owning this land and without debts died in the 90s, that letters of administration issued in 1910, that to pay allowances to the administrator and attorney the timber was sold in 1927, and sale wholly unnecessary otherwise. The timber sold by Mills' administrator to defendants Dickey and Wood and by them cut and removed, they are responsible over in damages to the extent of the value thereof, found to be $530. For that amount and legal interest from January 1, 1927, and costs,

plaintiff is entitled to decree against defendant Forde as administrator of Mills' estate, and Dickey and Wood; and also to quiet plaintiff's title against all the defendants and any of their claims by virtue of the probate proceedings or otherwise, saving defendant Johnson's heirship to the extent by the Secretary determined.

In the matter of heirship, herein is no jurisdiction to render the declaratory decree prayed. See Hallowell v. Commons, 239 U. S. 506, 36 S. Ct. 202, 60 L. Ed. 409.

Decree accordingly.