## SPENCER v. HUNTER, Warden.

### No. 2834.

Circuit Court of Appeals, Tenth Circuit.

Jan. 4, 1944.

Mark Cyirl Spencer, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (George H. West, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS and MURRAH, Circuit Judges, and VAUGHT, District Judge.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

An indictment containing three counts was returned against the petitioner, Mark Cyirl Spencer, his brother, Alford Spencer, and Nath Richardson in the District Court of the United States for the Western District of Tennessee, Western Division. It was numbered 4622 on the docket of such court. The first count charged that petitioner and his codefendants in such Western Division, on May 18, 1933, with

---

intent to extort from one T. E. Pegram a sum of money, deposited in an authorized depository of the United States for mail matter, a certain letter addressed to Pegram at Ripley, Mississippi, demanding that Pegram pay them a sum of money, and threatening his life in the event the demand was not complied with. The second count charged petitioner and his codefendants with a like offense in such Western Division, in substantially the same language, except it set up a different letter and alleged the offense was committed on November 8, 1933. Each of such counts sets out in full the letter referred to therein. The third count charged a conspiracy to commit the substantive offenses charged in counts one and two and charged that an overt act in furtherance of such conspiracy was committed in such Western Division.

Another indictment containing two counts was also returned against petitioner in such court and numbered 4623 on the docket thereof. It charged the same substantive offenses charged in counts one and two of the joint indictment.

Richardson pleaded guilty. Petitioner and his brother entered pleas of not guilty. The cases were consolidated. Petitioner and his brother were put on trial. They were represented by counsel of their own choosing. After the evidence was submitted, petitioner and his brother withdrew their pleas of not guilty and entered pleas of guilty. Petitioner was sentenced to imprisonment for terms of 20 years on each of the substantive offense counts, and to imprisonment for a term of two years on the conspiracy count, all of such sentences to run concurrently.

█ The substantive offense counts charged violations of the Act of July 8, 1932, 47 Stat. 649, as amended by the Act of June 28, 1935, 49 Stat. 427, and the Act of May 15, 1939, 53 Stat. 742, 18 U.S.C.A. § 338a. Sec. 338a(d), in part, provides that any person violating that section may be prosecuted "in the judicial district in which such letter" was "deposited in such * * * authorized depository for mail matter, or in the judicial district into which such letter * * * was carried by the United States mail for delivery according to the direction thereon." A prosecution for a conspiracy under 18 U.S.C.A. § 88 may be maintained in any Federal district where an overt act in furtherance of the conspiracy was committed.[1] Each of the substantive offense counts charged that petitioner and his codefendants deposited and caused to be deposited the letter referred to therein, respectively, in an authorized depository for mail matter in the Western Division of the Western District of Tennessee. Count three of the indictment in No. 4622 charged that an overt act in furtherance of the conspiracy was committed in the Western Division of the Western District of Tennessee. Petitioner, by his pleas of guilty, admitted all of the averments of the several counts of the indictments.[2] It follows that the court which imposed the sentences had jurisdiction over the offenses charged and the person of the petitioner.

█ Petitioner contends that it would have been a physical impossibility for each of the defendants to have mailed the letters. That argument avails him nothing. Sec. 338a(a) makes it an offense to knowingly deposit or cause to be deposited in any authorized depository for mail matter, to be sent or delivered by the Post Office establishment of the United States, with intent to extort from any person any money, any letter addressed to any other person containing any threat to injure the person of the addressee or of another. Hence, it is sufficient if one of the defendants mailed, and the others caused him to mail, the letters, or if all three of the defendants caused a third person to mail the letters.[3]

█ A conspiracy to commit a substantive offense and the substantive offense itself constitute separate and distinct offenses, and prosecution and sentence of a defendant both for the conspiracy and the substantive offense do not subject him to double jeopardy.[4]

[1] Hyde v. United States, 225 U.S. 347, 357, 367, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; United States v. Trenton Potteries Co., 273 U.S. 392, 402, 403, 47 S.Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989; Diehl v. United States, 8 Cir., 98 F.2d 545, 547.

[2] Lindsay v. United States, 10 Cir., 134 F.2d 960, 962; Barnett v. Hunter, 10 Cir., 138 F.2d 448.

[3] Creech v. Hudspeth, 10 Cir., 112 F.2d 603, 606.

[4] United States v. Rabinowich, 238 U.S. 78, 85, 35 S.Ct. 682, 59 L.Ed. 1211; Humphries v. Biddle, 8 Cir., 19 F.2d 193, 195; Moss v. United States, 6 Cir., 132 F.2d 875, 878; Chew v. United States, 8 Cir., 9 F.2d 348, 353.

■ The failure to issue the writ and have the body of petitioner produced in court was not error. The allegations of the petition for the writ and the indisputable court records show that there was no substantial basis for the issuance of the writ.[5]

The judgment is affirmed.

---

[5] Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Bozel v. Hudspeth, 10 Cir., 126 F.2d 585; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759; McKee v. Johnston, 9 Cir., 109 F.2d 273, 275.