**VOORHEIS v. HUNTER, Warden, United States Penitentiary, Leavenworth, Kan.**

**No. 3136.**

Circuit Court of Appeals, Tenth Circuit.

June 28, 1945.

John A. Johnson, of Oklahoma City, Okl., for appellant.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

An indictment was returned against Voorheis[1] and two codefendants in the District Court of the United States for the Eastern District of Michigan, Northern Division, containing three counts, each charging violations of 215 of the Criminal Code, 18 U.S.C.A. § 338.

Count one charged that petitioner and his codefendants, from on or about June 5, 1935, to October 31, 1939, devised and intended to devise a scheme and artifice to defraud and to obtain money by false and fraudulent pretenses, representations, and promises, from five individuals named in count one; that such scheme was substantially as follows:

That the petitioner and his codefendants would and did organize the Central Michigan Royalty Company, a copartnership; that petitioner and his codefendants would and did represent, in December, 1936, to the persons to be defrauded that petitioner and his codefendants had certain interests in "oil producing properties and leases in Mason County, Michigan"; that such interests were salable; that they would and did further represent to such persons to be defrauded that there was a flowing oil well on such property and that it was producing oil in paying quantities; that they would and did exhibit to the persons to be defrauded photographs of a flowing oil well and represent it was an oil well on such properties; that they would and did represent to the persons to be defrauded that such properties and leases would pay large returns prior to January 4, 1937; that it would not be necessary to pay any further rentals on such leases and properties; that any further earnings which petitioner and his codefendants should make would all go to the federal government for income taxes; that in exchange for a certain sum of money, they would deliver to such persons a lease which would convey to them certain rights

[1] Hereinafter called petitioner.

in such oil-producing properties; that such representations were false and fraudulent and so known to be by petitioner and his codefendants and were made to obtain money from the persons to be defrauded; and that petitioner and his codefendants obtained $750 from the persons to be defrauded in exchange for assignments of three oil and gas leases.

It was further alleged in count one that the petitioner and his codefendants "for the purpose of executing said scheme to defraud and attempting so to do," on December 29, 1936, did place, and cause to be placed in the United States Post Office, at Bay City, Michigan, to be sent and delivered by the Post Office establishment of the United States, a certain postpaid envelop, addressed to Mr. and Mrs. Louis Wolf, Route 2, Eau Claire, Michigan, which envelop contained a letter and a lease.

The second and third counts charged the same scheme and like uses on December 29, 1936, of the mails, for the purpose of executing such scheme.

Petitioner was arraigned and entered pleas of not guilty to the several counts of the indictment. He was tried and found guilty on each count. He was sentenced to imprisonment for a term of five years and to pay a fine of $1,000 on each of counts one, two, and three, the terms of imprisonment to run consecutively. At the arraignment, trial, and the imposition of the sentences, petitioner was represented by counsel of his own choosing. In his application for the writ, petitioner alleged that the scheme was fully executed before the letters and leases were mailed and that the judgment of conviction was obtained by means of a conspiracy.

At the hearing on the habeas corpus, the evidence adduced by petitioner wholly failed to establish the alleged conspiracy and it was wholly refuted by an affidavit of the United States Attorney, who had charge of the criminal prosecution, which was offered and received in evidence without objection.

The evidence adduced at the criminal trial established that the moneys for the assignment of the leases were paid to the petitioner and his codefendants on December 9 and 10, 1936.

The court below found the foregoing facts and entered its order discharging the writ.

The scheme as disclosed by the record was a continuing one and it does not affirmatively appear from the face of the indictment that it was consummated before the mails were used. The indictment affirmatively charges the mails were used to execute the scheme. On habeas corpus the sufficiency of the evidence to support the indictment cannot be reviewed. Creech v. Hudspeth, 10 Cir., 112 F.2d 603.

The evidence to support the conviction is not open to inquiry on habeas corpus hearing. Norton v. Zerbst, 10 Cir., 83 F.2d 677; Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Casebeer v. Hudspeth, 10 Cir., 114 F.2d 789; Huntley v. Schilder, 10 Cir., 125 F.2d 250; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The order discharging writ of habeas corpus is affirmed.