### MORRISON v. HUNTER, Warden.
### No. 3441.

Circuit Court of Appeals, Tenth Circuit.

May 2, 1947.

Robert Mitchell, of Denver, Colo., for appellant.

Eugene Davis, of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying discharge in a habeas corpus proceedings.

Two indictments were returned against appellant and several co-defendants in the United States District Court for the Eastern District of Michigan. Count one of the first indictment charged a conspiracy under 18 U.S.C.A. § 88, and substantive counts two and three charged violations of 18 U.S. C.A. § 317 (stealing, secreting or embezzling mail matter). Count one of the sec-

ond indictment also charged a conspiracy under 18 U.S.C.A. § 88, and substantive counts two to ten, inclusive, charged violations of 18 U.S.C.A. § 73, which makes it an offense to alter, forge and utter certain papers for the purpose of obtaining money from the United States or any of its officers. Upon jury trial appellant was found guilty of the charges in each indictment. A single sentence of ten years was imposed under the first indictment and a single sentence of fifteen years under the second, to run concurrently, or an aggregate of fifteen years imprisonment.

■ Appellant has served the equivalent of a ten year sentence and since the sentences were to run concurrently the validity of the judgment and commitment of ten years under the first indictment is moot, thus leaving only the sentence under the second indictment open to consideration.

As grounds for release from further custody appellant contends that a single sentence on more than one count in an indictment, or upon more than one indictment, is in reality a sentence upon one count or for one offense and therefore cannot exceed the maximum authorized by law for any one of the offenses charged; that since the maximum sentence authorized for any one of the offenses charged under 18 U.S.C.A. § 73 is ten years, the sentence is void as to the excess. Having served an equivalent of a ten year sentence, appellant maintains that he is entitled to discharge on habeas corpus.

The trial court held that since the fifteen year sentence did not exceed the aggregate punishment authorized for the separate and distinct offenses charged in the indictment, the sentence was not void and denied the writ.

Appellant cites and relies upon two decisions from the Sixth Circuit, Moss v. United States, 132 F.2d 875 and Laing v. United States, 145 F.2d 111. The Moss case was before the court on appeal and because of the single sentence imposed on more than one count, the sentence was held erroneous and the case remanded for resentencing. The Laing case was before the court on a motion to vacate the judgment and correct the sentence. The court criticized the single sentence, but held that since no appeal had been taken it was without jurisdiction to review the proceedings, and suggested that petitioner apply for correction of the sentence. In both cases the court criticized the "loose practice" of imposing general sentences upon multiple counts, but in neither case did the court hold the sentence void in the sense that the court was without power to impose it.

■ This court has likewise had occasion to criticize the practice of imposing a single or general sentence on multiple counts in an indictment without apportioning the sentence to the respective counts upon which it is to be served. We have, however, consistently held, in accordance with all the authorities, that such a sentence is not void, provided the gross sentence is not in excess of the maximum allowed by law for all of the offenses of which the defendant is guilty. See Levine v. Hudspeth, 10 Cir., 127 F.2d 982, and the authorities collected there.

As an additional ground for release appellant contends that the conspiracy count and the substantive counts all charge the same offense, and further that it would have been a physical impossibility for each of the defendants named in the substantive counts to have committed the acts complained of.

■ A conspiracy to commit a substantive offense and the substantive offense itself constitute separate and distinct offenses, and prosecution and sentence of a defendant both for the conspiracy and the substantive offense do not subject him to double jeopardy, or void the indictment. Spencer v. Hunter, 10 Cir., 139 F.2d 828; Humphries v. Biddle, 8 Cir., 19 F.2d 193.

■ 18 U.S.C.A. § 73 makes it not only an offense to "falsely make, alter, forge, or counterfeit", but it also makes it an offense to cause such act to be committed or assist therein. Hence it would be sufficient if any one of the named defendants committed the forgery, alteration and uttering alleged in the indictment. Cf. Spencer v. Hunter, supra; Creech v. Hudspeth, 10 Cir., 112 F.2d 603. The jury found appel-

lant guilty of the charges contained in the indictment, and the sufficiency of the proof for such verdict is not subject to consideration in habeas corpus proceedings. Garrison v. Hunter, 10 Cir., 149 F.2d 844; Voorheis v. Hunter, 10 Cir., 150 F.2d 52.

The judgment is affirmed.