**JAMES TALCOTT, INC., a New York Corporation, Plaintiff-Appellant,**

v.

**Raymond F. KOLBERG and Bonnie N. Kolberg, Defendants-Appellees.**

No. 15902.

United States Court of Appeals
Sixth Circuit.

April 20, 1965.

Mark Shaevsky, Detroit, Mich., Honigman, Miller, Schwartz & Cohn, Detroit, Mich., on brief for appellant.

Paul W. Harty, Southfield, Mich., Harty, Austin & Jones, Southfield, Mich., on brief for appellees.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant brought suit in the District Court upon a promissory note claimed to have been signed by appellees, who are husband and wife. They defended on the ground that the wife's signature on the note was a forgery; that the alleged signature of the husband was not established by the evidence; and, that, if he did sign, his signature was obtained by fraud. On judgment entered by the District Court

of no cause of action, appellant seeks review.

It was contended by appellant that appellee Kolberg and his wife executed the note, payable to The Affiliated Laundry Sales, and delivered it to one Lou Lakos, as part of a transaction which involved a chattel mortgage covering laundry equipment sold to appellees. Lakos, purporting to act for the mortgagee, The Affiliated Laundry Sales, subsequently assigned the note to appellant company. It is submitted by appellant company that it received the note in good faith for a valuable consideration without notice of any infirmity.

Appellees planned to open a laundromat business in a shopping center, and it was for this purpose that they wanted to secure the laundry equipment. A certain amount of the equipment was delivered, but only a portion thereof; and it was not installed, as provided by the agreement. The mortgage was later foreclosed, the property repossessed, and, on sale thereof, the amount of $8,500 was realized; and appellant company sued for the deficiency. Appellant company had theretofore secured a judgment, in the full amount of the note, against Lakos, based upon his liability as an endorser. Lakos did not appear in order to defend this suit against himself, and, apparently, none of the parties could locate him, in order to secure his presence as a witness on the hearing of the instant case, although he was the one witness, other than the defendants, who could testify about the original transaction, and as to whether appellees, or either of them, had signed the note.

After hearing, the District Court found that the alleged signature of appellee Bonnie N. Kolberg was a forgery; but there was no finding as to who committed the forgery. Further, the District Court found that not only was the claimed signature of Raymond F. Kolberg not established by a preponderance of the evidence, but that even if he did, in fact, sign the note, his signature was procured by trickery, fraud, and misrepresentation. Moreover, the court found that no negligence on the part of Raymond F. Kolberg precluded his making such a defense as against a bona fide purchaser of the paper. Accordingly, a judgment of no cause of action was entered.

The case is unusual, because of the defense of forgery and fraud in the procurement of a note, and no evidence is forthcoming from any witness to the transaction to dispute any of the testimony of the defendants.

An examination of the record is convincing that the findings of the District Court, as set forth in the opinion of Judge Roth, were sustained by the evidence; and no error of law appearing, the judgment of the District Court is affirmed.