**Henry WAGENKNECHT, Appellant,**

v.

**Sherman CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 8001.**

United States Court of Appeals Tenth Circuit.

April 27, 1965.

Joseph J. Branney, of Myrick, Criswell & Branney, Englewood, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, with him on the brief), for appellee.

Before PICKETT and BREITENSTEIN, Circuit Judges, and CHRISTENSEN, District Judge.

## PER CURIAM.

Wagenknecht is confined in the Kansas State Penitentiary where he is serving a life sentence for the murder of his wife in 1954. He brought this habeas corpus action in the United States District Court for the District of Kansas. The petition, which was prepared without the assistance of counsel, is long and rambling and contains mostly an argument that he is innocent of the crime charged. The principal objection to the judgment and sentence is that he alleges he can now prove that his wife is still alive. There are also statements in the petition which may be construed as allegations that at his trial he was not permitted to testify in his own behalf and that he was prevented from calling a number of witnesses to testify for the defense.

After the filing of the petition, the court ordered the warden to file an answer thereto "certifying the true cause of petitioner's detention." The warden's answer alleges that Wagenknecht had been convicted of the crime of murder in the first degree and was held by him by virtue of a judgment and sentence upon that conviction. It was also alleged that the petitioner did not appeal from his conviction to the Supreme Court of Kansas, but that there is now available to Wagenknecht an adequate state remedy as authorized by L.1963, Chapter 303, § 60–1507 of the Kansas Statutes. It was denied that petitioner was deprived of his right to testify in his own behalf or that the prosecution interfered in any way with the right to obtain witnesses. The answer was supported by affidavits of the petitioner's attorney, the prosecuting attorney, and the trial judge. The effect of the allegations in the answer is that petitioner did not testify in his own behalf upon advice of his counsel, and that there was no interference by anyone of his right to call witnesses for his defense. Petitioner filed a traverse to the answer in the nature of a reply. The district court considered the petition, the answer and traverse and concluded that there were no denials of the allegations relating to the failure of the petitioner to testify or to the lack of interference with his right to call any witnesses for the defense. The traverse did not deny the allegation that state remedies had not been exhausted. Upon consideration of the pleadings, the court dismissed the petition without a hearing.

We find no allegation in the petition or in the other pleadings that any of the questions raised here were previously presented to the state court and the remedies there exhausted. Although the trial court did not dispose of the case on this ground, it is a prerequisite to relief in federal court by habeas corpus. Von Eiselein v. Taylor, 10 Cir., 344 F.2d 119, and cases cited therein. Considering the case upon its merits, as the trial court did, we find no error. A state prisoner is entitled to relief in federal courts only when rights guaranteed by the Constitution of the United States have been denied him. Trujillo v. Tinsley, 10 Cir., 333 F.2d 185; Hickock v. Crouse, 10 Cir., 334 F.2d 95, cert. denied 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572; Fountaine v. Crouse, 10 Cir., 337 F.2d 378; Mooneyham v. State of Kansas, 10 Cir., 339 F.2d 209. The guilt or innocence of an accused person, when determined by the state court, or the sufficiency of the evidence to sustain that conviction is not subject to review by the federal courts in a habeas corpus proceeding. Curran v. State of Delaware, 3 Cir., 259 F.2d 707, cert. denied 358 U.S. 948, 79 S.Ct. 355, 3 L.Ed.2d 353; Morrison v. Hunter, 10 Cir., 161 F.2d 723; Voorheis v. Hunter, 10 Cir., 150 F.2d 52, cert. denied 326 U.S. 789, 66 S.Ct. 474, 90 L.Ed. 479; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Dotson v. United States, 10 Cir., 314 F.2d 50; Carrillo v. United States, 10 Cir., 332 F.2d 202; Trujillo v. Tinsley, supra. The pleadings as a whole, considering the affidavits attached to the warden's answer not as evidence but as undenied allegations, show that the defendant's failure to testify on his own behalf was upon advice of counsel and that there was no interference with petitioner's right to call witnesses. An examination of the petitioner's applica-

tion for habeas corpus and the traverse of the warden's answer thereto, illustrates that Wagenknecht is laboring under the mistaken belief that he has a right to a general review of the trial of his case by habeas corpus in the federal court.

Affirmed.