## UNITED STATES v. GROSSMAN et al.
### No. 29631.

District Court, E. D. New York.
Dec. 24, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

George Eilperin, of Brooklyn, N. Y., for defendant Morris Grossman.

MOSCOWITZ, District Judge.

This is a motion made by the defendant Morris Grossman for a bill of particulars setting forth the following:

"1. In what manner and method the defendant, Morris Grossman interfered or protected the other defendants in this action, as well as the time thereof."

"2. In what manner and method the defendant, Morris Grossman interfered with persons who attempted to obstruct the operation of selling, transporting and importing liquor, as well as the time in which such acts occurred."

"3. In what manner and method the defendant, Morris Grossman protected the other defendants in this action, in the pursuit of their unlawful conspiracy."

The indictment charges that, during the period beginning on or about the 27th day of October, 1928, up to and including the 27th day of October, 1931, the defendant Morris Grossman, and seventeen other defendants, namely, Nicholas F. Callan, Thomas Moore, Lawrence F. Hayes, Leo Nolan, James J. Mahoney, Edward Prothero, Edgar W. Elson, Charles Higgins, alias Vannie Higgins, Frank Barbieri, Frank Sorace, John Wilkins, Joe Forbes, Harry Brown, Harry Stein, Frank Ferrara, James Spina, and Charles Anderson, as well as other persons whose names were unknown to the grand jury, entered into a conspiracy to—

"(a) Possess within the United States intoxicating liquors containing one half of one per centum or more of alcohol by volume and fit and intended for use for beverage purposes;

"(b) Transport within the territorial jurisdiction of the United States intoxicating liquors containing one half of one per centum or more of alcohol by volume and fit and intended for use for beverage purposes;

"(c) Sell within the United States intoxicating liquors containing one half of one per centum or more of alcohol by volume and fit and intended for use for beverage purposes;

"(d) And import intoxicating liquors containing one half of one per centum or more of alcohol by volume and fit and intended for use for beverage purposes into the United States without obtaining a permit from the person authorized to issue permits under the laws of the United States."

The indictment then contains a reference to section 3 of title 2 of an act of Congress of the United States known and designated as the National Prohibition Act, title 27, United States Code § 12 (27 USCA § 12) and the acts of Congress amendatory thereof and supplemental thereto, claimed to have been violated.

The indictment then proceeds, as follows:

"And the grand jurors aforesaid on their oaths aforesaid do further present that the said unlawful conspiracy, combination, confederation and agreement was intended to be and put into effect and carried out substantially in the following manner, that is to say, that the defendants, Charles Higgins alias Vannie Higgins, Frank Barbieri, Frank Sorace, John Wilkens, Joe Forbes, Harry Brown, Harry Stein, Frank Ferrara, James Spina and Charles Anderson, together with other persons to the Grand Jurors unknown, would make the necessary arrangements for vessels whose names are to the Grand Jurors unknown to approach and anchor off the City of Long Beach or to dock at the City of Long Beach, State and Eastern District of New York, and to obtain from said vessels large quantities of intoxicating liquors containing one half of one per centum or more of alcohol by volume and fit and intended for use for beverage purposes; that thereupon and after said vessels had arrived at or a short distance off the City of Long Beach, the said defendants, Charles Higgins alias Vannie Higgins, Frank Barbieri, Frank Sorace, John Wilkens, Joe Forbes, Harry Brown, Harry Stein, Frank Ferrara, James Spina and Charles Anderson, together with other persons to the Grand Jurors unknown, would convey by means of dories and small boats from said vessels to the beach at the said City of Long Beach the said intoxicating liquors,

and would then load and conceal said intoxicating liquors upon trucks; that thereupon and after the loading and concealing of said intoxicating liquors upon said trucks the defendants, Charles Higgins alias Vannie Higgins, and Frank Barbieri, and the other defendants herein, with the assistance and help of other persons to the Grand Jurors unknown, would dispose of and effect a sale of said intoxicating liquors within the United States, at a place or places, and to a person or persons to the Grand Jurors unknown."

It will be observed that no mention is made of the defendant Grossman in the paragraph last quoted.

The indictment then continues as follows: "And the said unlawful conspiracy was further intended to be and was put into effect, and further carried out in substantially the following manner, that is to say, that the defendant, Morris Grossman, as Chief of Police of the said City of Long Beach, and the defendants, Nicholas F. Callan, Thomas Moore, Lawrence F. Hayes, Leo Nolan, James F. Mahoney, Edward Prothero, and Edgar W. Elson, as Police Officers of said City of Long Beach, together with other police officers and other persons participating in said conspiracy whose names are to the Grand Jurors unknown, would give full protection to said other defendants, Charles Higgins alias Vannie Higgins, Frank Barbieri, Frank Sorace, John Wilkens, Joe Forbes, Harry Brown, Harry Stein, Frank Ferrara, James Spina, and Charles Anderson, and said other persons to the Grand Jurors unknown, and would prevent interference by any person or persons with the operations of the said other defendants and said other persons to the Grand Jurors unknown, and would give aid and assistance to the said other defendants and said other unknown persons, in the landing of the said intoxicating liquors at the City of Long Beach, and in the conveying through and in the disposal at the said City of Long Beach by the said other defendants and said other unknown persons of the said intoxicating liquors."

This paragraph is followed by sixteen alleged overt acts. The paragraph quoted above, in which the defendant Morris Grossman is mentioned by name, charges that the conspiracy was "further intended to be and was put into effect and further carried out in substantially the following manner, that is to say, that the defendant Morris Grossman, as Chief of Police of the City of Long Beach," and certain named defendants, together with certain other persons whose names were unknown to the grand jury, "would" give full protection to certain other defendants and other persons whose names were unknown to the grand jury, and "would" prevent interference by any person or persons, with the operations of certain other defendants and other persons whose names were unknown to the grand jury, and "would" give aid and assistance to said other defendants and other persons whose names were unknown to the grand jury, in the landing of intoxicating liquors at the city of Long Beach, and in the conveying through and in the disposal at the city of Long Beach by other defendants and certain persons whose names were unknown to the grand jury of the said intoxicating liquors. In this paragraph of the indictment the pleader has attempted to set forth, not only the conspiracy, but evidently certain overt acts which were claimed to have been done in the furtherance of the conspiracy.

The elements of a criminal conspiracy are: First, an object to be accomplished; second, a plan or scheme embodying means to accomplish that object; third, an agreement or an understanding between two or more of the defendants whereby they became definitely committed to co-operate for the accomplishment of the object by the means embodied in the agreement, or by any effectual means; and, lastly, an overt act.

However, before the overt act can be taken into consideration, it must be found that the defendants were parties to the conspiracy. If it is proven that a defendant is a party to the conspiracy, even though individual conspirators may perform acts in furtherance of the common unlawful design apart from and unknown to the others, that defendant is guilty of the crime of conspiracy.

The overt act must be entirely independent of the conspiracy. It must not be one of a series of acts constituting the agreement, but it must be a subsequent independent act following a complete agreement or conspiracy, and done to carry into effect the object of the original agreement.

In this case Grossman submits an affidavit to the effect that he did not become chief of police of the city of Long Beach until the 1st day of January, 1930. This is fifteen months after the beginning of the alleged conspiracy. The paragraph in the indictment referring to Grossman charges him with certain acts of "interference" and with giving "protection" while acting as chief of police of the city of Long Beach.

Upon the argument the assistant United States attorney did not claim that Grossman was a party to the conspiracy prior to his appointment as chief of police of the city of Long Beach. That in itself would not be a fatal defect if it should be proven that prior to his appointment as chief of police an unlawful conspiracy was entered into between certain defendants, and that subsequent to his appointment as chief of police he became a party to the conspiracy. If the conspiracy was formed prior to his becoming chief of police, and after his becoming such he became a party to the conspiracy, then he would be guilty of the crime charged, if any overt act was done in furtherance of the conspiracy.

The assistant United States attorney, upon the argument of the motion in dealing with the paragraph in the indictment specifically mentioning Grossman, argues that the use of the word "would" give full protection, and "would" prevent interference means that the defendant Grossman "did" give full protection and "did" prevent interference.

Considering the context, the use of the word "would" in the two instances mentioned cannot refer to what the defendant Grossman did, but what he intended to do.

The assistant United States attorney argues that the office of a bill of particulars is not to disclose the evidence. Where the charges of an indictment are so general that they do not sufficiently advise the defendant of the specific acts with which he is charged, a bill of particulars should be ordered. In Bartell v. United States, 227 U. S. 427, at page 433, 33 S. Ct. 383, 384, 57 L. Ed. 583, the court decided:

"* * * In such case, the accused may apply to the court before the trial is entered upon for a bill of particulars, showing what parts of the paper would be relied on by the prosecution as being obscene, lewd, and lascivious, which motion will be granted or refused, as the court, in the exercise of a sound legal discretion, may find necessary to the ends of justice. * * *

"There was no attempt on the part of the accused to require a bill of particulars, giving a more specific description of the letter, or any further identification of it, if that was necessary to his defense. Under the federal practice he had a right to apply for such bill of particulars, and it was within the judicial discretion of the court to grant such order, if necessary for the protection of the rights of the accused, and to order that the contents of the letter be more fully brought to the attention of the court, with a view to ascertaining whether a verdict upon such matter as obscene would be set aside by the court."

In view of the admitted fact that the defendant Grossman did not become chief of police of the city of Long Beach until January 1, 1930, and the conspiracy deals with his acts as chief of police, and that the indictment makes use of the words "protection" and "interference," which seems to be a conclusion, and that the paragraph containing these words is ambiguous, to say the least, if not containing a greater defect, the motion for a bill of particulars will be granted.

The government will not be disclosing its evidence by filing a bill of particulars setting forth what the "interference" and "protection" of the defendant Grossman consisted of, and the approximate time thereof.

Motion granted. Settle order on notice.