## UNITED STATES v. NATIONAL TITLE GUARANTY CO. et al.

District Court, E. D. New York.
Aug. 7, 1935.

474

Walter Brower, of New York City, Sp. Asst. to the Atty. Gen. (Daniel Gutman, of Brooklyn, N. Y., of counsel), for the United States.

John W. Davis and Theodore Kiendl, both of New York City (Theodore Kiendl, of New York City, of counsel), for defendant Manasseh Miller.

GALSTON, District Judge.

This is a motion for a bill of particulars concerning an indictment charging these defendants in the first 24 counts with using the mail to defraud. Title 18, U. S. Code, § 338 (18 USCA § 338). A twenty-fifth count charges conspiracy to use the mails to defraud. Title 18, U. S. Code, § 88 (18 USCA § 88).

The authorities bearing upon motions of this kind were recently reviewed by Judge Inch in the case of United States v. William M. Greve et al., 12 F. Supp. 372, filed March 27, 1934, in this court. What Judge Inch observed as to the application before him applies with equal force in the circumstances presented herein. Judge Inch said: "It appears from the several indictments and motion papers that this is not the ordinary application that usually confronts the court in criminal causes. On the contrary both the indictments and the applications for the Bills of Particulars show a most complicated and involved business situation, relating to large and substantial corporations and their respective officers and directors, concerned with a most extensive real estate and mortgage business of many years standing, running into the millions of dollars, and covering thousands of transactions, all of which presumably, is to be eventually submitted to a jury of twelve laymen for their verdict."

The defendants named in this indictment were officers of the National Title Guaranty Company. They are charged with having devised a scheme for obtaining money fraudulently from 32 named persons and others unnamed, or, as the indictment states, "too numerous to mention herein." These are described as "victims" who would be induced to give money and property for the purchase of mortgages and certificates designated "Guaranteed First Mortgage Certificates" and "First Mortgage Certificates." It is said that these false representations were effected by means of newspaper advertisements, literature, circulars, pamphlets, prospectuses, by means of telephone conversations and oral conversations, and statements of agents and employees of the defendants, concealing from the "victims" information relative to the value of the mortgages, the changes in ownership thereof, and the fact that any right which the holders of said mortgage certificates may have had was subordinate to the rights of other persons.

There follows a recital of 28 false representations, most of them in rather general phrase.

Typical of the substantive counts in respect to the misuse of the mails is count 1, in which it is alleged that these defendants devised the aforesaid scheme for obtaining money by false pretenses on the first day of January, 1932, by mailing "a certain writing" to Carl O. Grimmer. What the contents of the letter were does not appear.

The conspiracy count makes no mention of the date when the conspiracy was initiated.

Now the essential question presented is whether the indictment sufficiently apprises these defendants and each of them of the nature of each of the crimes with which they are charged. A motion of this kind is addressed largely to the discretion of the court. To exercise that discretion wisely, consideration must be given to all the surrounding circumstances of which the court is apprised. A busi-

ness of this kind has many departments. There are many letters written in each department. There are representations made by agents which may or may not have been authorized. While it is true that the defendants are not entitled to indulge in what frequently has been termed a "fishing excursion," in order to ascertain the evidence which the government has to support the charge, it is none the less true that justice is the ultimate consideration, and the defendants should not be compelled to speculate in respect to the material averments of the crimes with which they are charged. This it would seem possible to do without restricting the government unduly in the prosecution of the case.

■ Passing now to the specific items concerning which information is desired, it would appear reasonable that the defendants be furnished with a statement of the approximate time when the scheme referred to in the first count was devised by the defendants. The place need not be given with particularity.

■ If the government intends to use as witnesses at the trial "victims" in addition to those named in the indictment, the names of such "victims" should be furnished to the defendants at least 15 days before the trial of this cause.

■ A request for items concerning newspaper advertisements set forth in 1 (c) is not reasonable. Such information is likely to be within the knowledge of the defendants. Subdivision (d), a request for a statement of the names of those who composed or participated in the composition of the writings, is refused as likewise unreasonable. Subdivision (e), requesting the substance of telephone conversations and representations made by salesmen and agents, should be furnished; also the names of such persons.

■ Subdivision (g) is a reasonable request and information should be furnished

describing the properties and mortgages and certificates. The requests embodied in subdivisions (h) and (i), with respect to alleged false representations in the first count of the indictment as stated, are unreasonable, but the defendants should be apprised as to whether those representations were written or oral; if written, in what manner; and, if oral, by whom made.

■ Under request No. 2, subdivision (j), it appears reasonable that copies of the letters referred to in the first 24 counts should be furnished to the defendants.

The information asked in subdivision (k) should be furnished. The information under (1) is refused as not being necessary for the defense.

■ In respect to the conspiracy charge, the defendants should be informed of the approximate date when the defendants unlawfully conspired. The place need not be defined in more detail than as appears in the indictment. It is sufficient to state that the conspiracy was entered into within the territorial limits of the Eastern district of New York. The information furnished under subdivision (m) would be sufficient to meet the requirements of subdivision (n) as allowed.

In respect to the overt acts, since the records of the company are no longer in the possession of the defendants, access to these records should be afforded to the defendants for the purpose of obtaining information concerning the certificate mentioned in overt acts, numbered 2, 6, 7, and 12; and copies of the letters referred to in overt acts numbered 8, 9, 10, and 11 should be furnished. If an inspection of the company's records by the defendants fails to give the information solicited in overt acts numbered 2, 6, 7, and 12, then copies of such instruments should be furnished to the defendants.

Settle order on notice in accordance with the above opinion.