735

## UNITED STATES v. VAN WAGENEN-SAGER, Inc., et al.

District Court, N. D. New York.

Aug. 27, 1940.

Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y. (John K. Carroll, Sp. Atty.,

of New York City, of counsel), for the Government.

Melvin & Melvin, of Syracuse, N. Y. (Jerome K. Chency, of Syracuse, N. Y., of counsel), for defendants VanWagenen-Sager, Inc., Robert G. VanWagenen, and Julia Loan.

Paul R. Shanahan, of Syracuse, N. Y., for Caroline Smith.

BRYANT, District Judge.

The indictment in the above case charges a conspiracy to violate the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Defendants have moved for a bill of particulars. The motion contains a total of thirty-three demands. The motion is based upon the ground that the indictment does not disclose the crime charged against the defendants with sufficient particularity to enable them to prepare their defense.

The indictment alleges that a conspiracy was begun on or about October 24, 1938, and continued until date of the filing of the indictment. The conspirators are named and described and the nature of their part in the alleged conspiracy is set out with unusual particularity. The alleged overt acts, nineteen in number, are set forth in sufficient detail to make further elaboration unnecessary. The demands are directed to other parts of the indictment.

The demands for particulars can be classed as requiring the time and place of the formation of the conspiracy; all acts of the co-conspirators tending to connect each of them to the alleged conspiracy and the names of those stated in the indictment as being "to the Grand Jurors unknown". The requests, except as stated below, are denied under the authority of United States v. Irving Wexler, 6 F.Supp. 258; United States v. Brown, 56 F.2d 659; Rubio et al v. United States, 22 F.2d 766; Robinson et al. v. United States, 9 Cir., 33 F. 2d 238; and Mulloney et al., v. United States, 1 Cir., 79 F.2d 566. The Government is not compelled, either by indictment or bill of particulars, to define the specific means employed in committing the offense. Moreover, I do not see how the Government could comply with the demands as framed, without injurious disclosure of its evidence.

Defendant corporation has approximately 3,000 workers. Whether many of them are employees or contractees is, I understand, an issue to be contested. This is

an issue not usually tried in a criminal court. Defendants should not be put to any unnecessary work in the preparation of their defense. Unless they know which of the 3,000 workers the Government claims have been underpaid, they will be compelled to have all employment and contract records in court. The same can be said of claims of incomplete work records. I, therefore, direct that the Government furnish defendants with the names and addresses of the workers claimed to have been underpaid and the names and addresses of workers whose records it is claimed defendant corporation failed to keep as required by law.

If pre-trial investigation uncovers names not known at this time, the Government, if it desires to introduce proof connected with such persons, shall give the name and address to defendant at least twenty-four hours before the proof is offered.

An order may be presented.

Ralph L. Emmons, U. S. Atty., of Binghamton, N.Y. (John K. Carroll, Sp. Atty., of New York City, of counsel), for Government.

Melvin & Melvin, of Syracuse, N. Y. (Jerome K. Cheney, of Syracuse, N. Y., of counsel), for defendants Van Wagenen-Sager, Inc., Robert G. Van Wagenen and Julia Loan.

Paul R. Shanahan, of Syracuse, N. Y., for Caroline Smith.