## UNITED STATES v. ALLIED CHEMICAL & DYE CORPORATION et al.

District Court, S. D. New York.
Nov. 19, 1941.

426

Thurman Arnold, Asst. Atty. Gen., Samuel S. Isseks, and Herbert A. Berman, Sp. Assts. to Atty. Gen., and Nelson A. Sharfman, Sp. Atty., of New York City, for the Government.

Coudert Brothers, and John J. Burns, both of New York City, for defendants Imperial Chemical Industries (N.Y.), Ltd., et al.

Mudge, Stern, Williams & Tucker, of New York City, for defendants Compania Salitrera Anglo Chilena et al.

Breed, Abbott & Morgan, of New York City, for defendants Synthetic Nitrogen Products Corporation.

White & Case, of New York City, for defendants Chilean Nitrate Sales Corporation et al.

BRIGHT, District Judge.

This motion for a bill of particulars with reference to an indictment laid under the Sherman Anti-Trust Act, Title 15 U.S.C.A. §§ 1–3, Act approved July 2, 1890, as amended by Act approved August 17, 1937, and the Wilson Tariff Act, Title 15 U.S.C.A. § 8, Act approved August 27, 1894, and amended by Act approved February 12, 1913, presents an unusual and extraordinary set of circumstances, the like of which I have not found in any reported case.

The indictment, as returned, named nine corporations and twenty-five individuals, directors and officers of the indicted corporations and of other corporations not indicted. Eighteen of these defendants have capitulated and the indictment as to them has been nolle prossed. The remaining defendants who join in this motion are five corporations—Imperial Chemical Industries (N.Y.) Ltd., Anglo-Chilean Nitrate Corporation, The Lautaro Nitrate Company, Ltd., Chilean Nitrate Sales Corporation, and Synthetic Nitrogen Products Corporation—and eleven individuals—Richard Fort, Medley Gordon Brittain Whelpley, James F. Doetsch, Kenneth H. Rockey, James Albert Woods, George R. Petitt, A. L. Mullaly, C. B. Peters, C. Schreiber, F. P. Scar and Miguel Tegtmeyer, officers and directors of the corporations mentioned.

The indictment also names as co-conspirators and not as defendants, forty-two other corporations, and sixty-three individuals. These latter named corporations and individuals are residents of Japan, Holland, Belgium, Italy, Poland, Switzerland, Germany, France, Sweden, Palestine, England, Norway, Chile, Canada and of the states of New York, California and Georgia.

The indictment is framed in fourteen counts, the first eleven under the Sherman Act and the other three under the Wilson Tariff Act. Each count alleges unlawful combinations and conspiracies (1) to control the importation of fertilizer nitrogen into the United States; (2) to control the exportation of such fertilizer from the United States; (3), (4) and (5) to fix and maintain non-competitive prices for the sale of such fertilizer in Puerto Rico, Hawaii and the Philippine Islands; (6), (7) and (8) to fix and maintain non-competitive prices for the sale of such fertilizer between the United States and the three territories last named; (9), (10) and (11) to fix and maintain such prices between the three territories named and foreign nations; (12) to restrain lawful trade in such fertilizer imported into the United States; (13) to restrain free competition in lawful trade and commerce in such fertilizer so imported.

The indictment was returned September 1, 1939, when the world was practically at peace. It remained sealed, however, until December 3, 1940, fifteen months later, at which time the war in Europe had started. Since then, that war has engulfed all of the countries in Europe named in the indictment, and has made difficult, if not impossible, means of communication with the rest of the world, at least with those countries in the other hemisphere mentioned in the indictment.

Whether the moving defendants will be able to obtain any assistance or infor-

mation for their defense from the companies and individuals who have surrendered, is questionable, to say the least.

A brief review of the indictment will reveal that the crimes charged are worldwide and involve trade and commerce in fertilizer nitrogen in every corner of the globe. The period of the alleged combination and conspiracy covers seven years. Fertilizer nitrogen, as it is mentioned in the indictment, exists in many forms, and is used in various combinations in the preparation of mixed fertilizers. The first thirty-two paragraphs of the indictment, incorporated by reference in each of the counts, allege the wide use of the many forms throughout the world. Substantial quantities of one form are imported into the United States from the Netherlands and from Canada, and in another form from Germany and Norway. Pursuant to "cartel agreements to which the principal foreign producers, designated as the D.E.N. group—are parties" (who they are is not fully specified), restrictions are imposed upon all importations from foreign countries. The Imperial Chemical Industries, Ltd., an English corporation, manufactures another form and acts as sole seller of that form produced in England, Scotland, Ireland and India, and its subsidiary, The Imperial Chemical Industries (N.Y.) Ltd., one of the moving defendants, acts as its buying and selling agent in the United States. It is further alleged that the principal foreign producers of nitrogen, approximately thirty-five in number (who are not named), are parties to an international cartel agreement, which divides the sale and distribution of fertilizer nitrogen in the markets in the world. They are, it is claimed, associated in cartel agreements with the D.E.N. group, and through them with Belgium, Italian, Polish, Swiss and Czechoslovak producers, not named and not including any of the moving defendants. Other special agreements supplemental to the general cartel agreement are mentioned, one entered into at Zurich April 17, 1939, and another on August 4, 1938, with a Chilean group.

The charging part of the first count alleges an unlawful combination and conspiracy extending over seven years from July 1, 1932, the exact date of its inception being unknown, among the thirty-four named defendants and the one hundred and five co-conspirators "and other persons to the grand jurors unknown", effectuated by fifteen specified means and methods, including, "among others", the exchange of statistical and other information, the constant surveillance and control of importations, arbitrary price fixing, reports of failure to adhere to prices, and in addition to those, the attendance at meetings (as representatives of the cartel groups), at Zurich, Switzerland, Paris and London "and other places", communications by correspondence, trans-Atlantic telephone, exchange of statistical and other information, "and otherwise". The operations it is alleged have been carried on in this district by the parties by acts, "among others", in the holding of meetings at various hotels and clubs "among other places". The other counts are equally as general, the use of the words "among others", "and other persons", "and other places", "and otherwise", appearing in every count and making more general what was general enough before. The method and means by which it is alleged the combination and conspiracy were effected, specifically and generally cover transactions with defendants and non-defendants and other persons, agreements, correspondence, statistics and every conceivable sort of communication and information which might have been had or communicated to individuals in most of the countries of the globe. They embrace practically the entire field of fertilizer nitrogen, some forms of which it is denied by the moving corporate defendants were ever made or sold by them. Obviously, many of the co-conspirators are beyond any means of communication. Assuming proof upon the trial of the combination and conspiracy, the field in which may be proved conversations, acts, communications and meetings between individuals in remote parts of the world, is boundless. It is stated in the moving affidavit that some of the defendants have never had any business dealings with many of the corporations named as co-conspirators, and that many of the individual defendants have never met and do not know any of the sixty-three alleged co-conspirators.

It has been said, and this motion seems to bear it out, that every application of this kind stands upon its own feet. This application must be so treated, and precise precedent is not to be found. United States v. Empire State Paper Corp., D. C., 8 F.Supp. 220, 221. Bills of particulars

428

in anti-trust prosecutions have been granted. Nash v. United States 229 U.S. 373, 399, 33 S.Ct. 780, 57 L.Ed. 1232; United States v. General Petroleum Corp., D.C., 33 F.Supp. 95; United States v. United States Gypsum Co., D.C., 37 F.Supp. 398, 403; United States v. Sumatra Purchasing Corp., opinion by Mayer, D. J., November 4, 1918, further opinion July 7, 1919; United States v. Rockefeller, opinion by Hunt, C. J., April 19, 1915; United States v. Warner Bros. Pictures, Inc. granted by order of Moore, D. J., July 29, 1935.

A bill of particulars will be ordered whenever it appears to be necessary to enable the defendant to meet the charge against him or to avoid danger of injustice. Coffin v. United States, 156 U.S. 432, 452, 15 S.Ct. 394, 39 L.Ed. 481. If the indictment is couched in such language that the accused is liable to be surprised by the production of evidence for which he is unprepared, he should apply for a bill of particulars. Rinker v. United States, 8 Cir., 151 F. 755, 759. The contention that the party furnishing the bill of particulars will be bound thereby, and the further contention that a party is not bound to plead or particularize evidence, are consistent with the right of the defendant to demand a more particular statement. The merit of a demand like the present should be decided by inquiry respecting the probabilities that defendants are sufficiently advised—by whether or not the defendants may entertain real apprehension respecting the range and character of proof with which they may be confronted. It has been said that while upon a demurrer to an indictment, leniency or liberality of view may be taken to test out legal sufficiency, on a motion for a bill of particulars, "a more critical attitude should be aroused". United States v. Halsey, Stuart & Co., D.C., 4 F.Supp. 662, 668.

An indictment should set forth facts so distinctly as to advise the accused of the charge which he has to meet and to give him a fair and reasonable opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offenses, and so clearly that the court may be able to determine whether or not the facts there stated are sufficient to support a conviction. Fontana v. United States, 8 Cir., 262 F. 283-286; Brenner v. United States, 2 Cir., 287 F. 636-640; United States v. Cruikshank,

92 U.S. 542-558, 23 L.Ed. 588; United States v. Simmons, 96 U.S. 360-362, 24 L.Ed. 819; Mark Yickhee v. United States, 2 Cir., 223 F. 732-734; United States v. National Title Guaranty Co., D.C., 12 F.Supp. 473; Lynch v. United States, 8 Cir., 10 F.2d 947, 948.

Where charges of an indictment are so general that they do not sufficiently advise defendant of the specific facts with which he is charged, a bill of particulars should be ordered. United States v. Grossman, D.C., 55 F.2d 408-411. A bill of particulars is proper to secure a specific statement of the facts and to prevent surprise. McMullen v. United States, 68 App.D.C. 302, 96 F.2d 574-579; Chew v. United States, 8 Cir., 9 F.2d 348-353. While an indictment may be good as against a demurrer, still if it does not furnish defendant all the information he is entitled to have before being compelled to go to trial, a bill of particulars may be ordered. It is appropriate if the defendants desire to be informed as to matters that will aid them in their defense. Foster v. United States, 9 Cir., 253 F. 481-483; United States v. Rintelin, D.C., 233 F. 793-799. It is undisputable that the motion is addressed to the sound discretion of the court. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

One indicted for a crime is presumed not guilty and that he is ignorant of the supposed facts upon which the charge is founded. What the defendants may know as to what they did may seem to them innocent and is not and should not be the criterion. They are entitled to know in what respects the prosecutor alleges they are criminal. Lynch v. United States, 8 Cir., 10 F.2d 947-949.

My conclusion, after a reading of all of the cases cited by both parties to this motion and others, is that this motion should be granted. United States v. Eastman, D.C., 252 F. 232; Dierkes v. United States, 6 Cir., 274 F. 75-79; Lefkowitz v. Schneider, 3 Cir., 51 F.2d 685-687; United States v. Grossman, D.C., 55 F.2d 408-411; Singer v. United States, 3 Cir., 58 F.2d 74-76; United States v. National Title Guaranty Co. D.C., 12 F.Supp. 473; United States v. Balaban, D.C., 26 F.Supp. 491-499; United States v. Van Wagenen-Sager, Inc., D.C., 34 F.Supp. 735; United States v. Gale, D.C., 35 F.Supp. 659.

The particulars to be furnished will include as to each count, the time and place where any agreement is claimed to have been made with reference to recognized ports as alleged in paragraph 4 of the indictment—the figures and letters in parenthesis refer to subdivisions of the particulars demanded in the notice of motion—(4b 1 and 2); and as to each count, whether it is claimed that any of the acts itemized in 6(d) 1 to 4 inclusive and item 8(f) constituted any part or was done pursuant to any alleged combination or conspiracy, and if so, which; copies of all cartel agreements and supplementary agreements to any cartel agreement if written, and if oral, the time and place where entered into, the names of the parties thereto and the substance thereof, specifying which of the moving defendants, if any, entered into any thereof, and if a moving corporate defendant, the name of the agent or officer representing it in such agreement (8(g), 21, 25, 26, 1 to 3 inclusive, 27); when and where it is claimed each of the moving defendants entered into the combination and conspiracy, and in the case of a corporate defendant, the name of the officer or agent representing it, whether such combination and conspiracy, so far as the moving defendants are concerned, was formulated or agreed upon, and if so, whether by express agreement or implied, if express, the time and place where it was entered into, and if implied, the name of the individual defendant or corporate representative who it is claimed acted for or in behalf of the moving defendants or any of them, and if it is claimed that any of the moving defendants entered into said combination and conspiracy subsequent to the formation thereof, the time when and place where he or it so entered, and if pursuant to an express or implied agreement, similar details as last mentioned (33 and 34(a), (c) and (d) in part, 39 and 40, 43 and 44, 49 and 50, 54 and 55, 59 and 60, 63 and 64, 67 and 68, 71 and 72, 75 and 76, 79 and 80); the name of each defendant claimed to have participated in the means and methods specified in paragraphs 35, 41, 45, 51, 56, 61, 65, 69, 73, 77 and 81 of the indictment, the time when and place where, stating the name of the representative of any moving corporate defendant so claimed to have participated, and if such participation is claimed to have taken place pursuant to contract, a copy thereof or the substance if oral, and when and where made (35(a), 1 and 2 in part, and in part 41, 45, 51, 56, 61, 65, 69 73, 77 and 81); which of the defendants it is claimed attended meetings as alleged in paragraphs 36, 42, 46, 47, 52, 53, 57, 62, 65, 69, 74, and 78 of the indictment, and those who are charged with having communicated by any means with other defendants or alleged co-conspirators, and if by a representative or agent, the name of the representative or agent, and when and where (36, and in part 37, 42, 46, 47, 52, 53, 57, 58, 62, 65, 66, 69, 74, 78 and 82). As to the twelfth, thirteenth and fourteenth counts, similar information will be furnished as in similar paragraphs of the other counts.

Settle order on notice.