**UNITED STATES of America,**
**Plaintiff,**

v.

**Henry C. PERCEVAULT et al.,**
**Defendants.**

**No. 73–CR–345.**

United States District Court,
E. D. New York.

Oct. 26, 1973.

E. J. Piel, New York City, for defendant Percevault.

Robert A. Morse, U. S. Atty. E. D. N. Y., Brooklyn, N. Y., for plaintiff; Alan R. Naftalis, Richard L. Shanley, New York City, of counsel.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Defendant and sixteen codefendants are to be jointly tried for conspiracy to violate the United States Code and the rules and regulations of the Securities and Exchange Commission. 15 U.S.C. §§ 77q(a), 77x, 78ff, 78j(b); 18 U.S.C. §§ 2, 371; Rule 10b–5. His motion for discovery of his own statements to the Securities and Exchange Commission and the Grand Jury was granted on consent. He now moves, with the government strongly opposed, for discovery and inspection of "codefendants' admissions and confessions." For the reasons

indicated below defendant is entitled to see copies of (1) all statements the government intends to offer against him as his admissions, whether they were made by him directly or indirectly or by his agent or by a co-conspirator during the course and in furtherance of the conspiracy; and (2) other statements of co-defendants subject to the right of the government or of any codefendant to show why disclosure will be prejudicial in this case.

*Co-conspirator's statements during the course and in furtherance of the conspiracy.* Subdivision (a) of Rule 16 of the Federal Rules of Criminal Procedure gives a defendant the right to obtain his own statements. It provides in relevant part:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant. . . ."

In United States v. Crisona, 416 F.2d 107 (2d Cir. 1969), cert. denied sub nom. DeLyra v. United States, 397 U.S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970), this Circuit squarely held that this provision authorizes discovery of defendant's statement whenever made—whether before or after arrest—for the reasons that:

" . . . [T]he language of amended Rule 16(a) is unqualified in contrast to the limited definition of 'statement' in section 3500, . . . the Notes of the Advisory Committee indicate that the amended Rule was intended to apply even to pre-arrest statements made by a defendant during the course of his crime and was meant to broaden materially the scope of discovery available to a defendant, . . . such a statement is obviously of such vital importance to the defense that fairness compels its disclosure, and that guilty pleas will thereby be encouraged. This broad inter-

pretation of 'statement' in Rule 16(a) is supported by the recent recommendation of the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial 62 (1969) that a defendant receive before trial all of his statements regardless of to whom they were made—whether a prosecuting attorney, an investigator, a grand jury * * *, or anyone else. It is also intended that statements be discoverable regardless of how they are obtained whether surreptitiously or voluntarily. . . . ."

At 114–115 (footnotes omitted). *See also, e. g.,* United States v. Rosenberg, 299 F.Supp. 1241 (S.D.N.Y.1969).

For trial purposes, the admissions exception to the hearsay rule treats a number of different types of statements as if they were made by the defendant himself. Rule 801(d)(2)(E) of the Proposed Federal Rules of Evidence, for example, considers a co-conspirator's statement, made "during the course and in furtherance of the conspiracy," as if it were the defendant's own utterance. Rule 801(d)(2) reads as follows:

"(d) *Statements which are not hearsay.* A statement is not hearsay if—

*       *       *       *       *       *

"(2) *Admission by party-opponent.* The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity or (B) a statement of which he has manifested his adoption or belief in its truth, or (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."

Rules of Evidence for the United States Courts and Magistrates, promulgated by the Supreme Court on November 20, 1972, 56 F.R.D. 293. While not yet operative, Rule 801 represents, in this respect, a mere recodification of accepted practice. *See* Notes of Advisory Committee, 56 F.R.D. 297–299.

If a co-conspirator's statement is to be introduced into evidence against the defendant on the theory that it is the defendant's own statement, his own "admission," fairness dictates that under Rule 16(a) defendant be allowed to discover this pre-arrest statement along with statements he himself uttered. There is much more need for the vicarious utterances of defendant than for his own declarations to be revealed since in many cases he will be unaware of the many statements allegedly made by his fellow conspirators. His counsel should be apprised of them, for often they will be quite damaging unless explained.

We hold that under Rule 16(a), the government must furnish defendant with the statements of co-conspirators—whether or not named in the indictment—which the government intends to offer into evidence against the defendant as admissions. This result is compelled by reading Rule 16(a) in conjunction with Rule 801(d)(2)(E). Since subdivision (a), unlike subdivision (b), of Rule 16 is not subject to a Jencks Act exception this result applies whether or not the co-conspirator will testify as a government witness.

We recognize that there are reported decisions assuming positions wholly or partially contrary to the one this court now adopts. *See, e. g.,* Sendejas v. United States, 428 F.2d 1040, 1046 (9th Cir.), cert. denied, 400 U.S. 879, 91 S.Ct. 127, 27 L.Ed.2d 116 (1970) (statements of government witness who was co-conspirator denied before trial because of Jencks Act); United States v. Ahmad, 53 F.R.D. 186, 189 (M.D.Pa.1971) (denying disclosure and distinguishing allowance of request for copies of corporate offi-

cers' statements where corporation is defendant); United States v. Addonizio, 313 F.Supp. 486, 500 (D.N.J.1970), aff'd, 451 F.2d 49 (3d Cir.), cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L. Ed.2d 812, reh. denied, 405 U.S. 1048, 92 S.Ct. 1309, 31 L.Ed.2d 591 (1972) (discretion to deny co-conspirators' statements).

Nonetheless, reason, authority, and the liberal design of Rule 16 require a holding favorable to defendant in the instant case. In a conspiracy prosecution, where a defendant may be faced with many statements made by co-conspirators and therefore attributable to him— even though he might have been unaware of those statements—some advance notice is necessary if defendant is adequately to prepare for trial. As already noted, his need for these statements is even greater than his need for his own, since presumably he will be able to give his counsel some idea of what he himself has said. It is particularly important in conspiracy prosecutions that pretrial procedures be painstakingly fair, because, as Judge Learned Hand once warned in a slightly different context, "when so many prosecutors seek to sweep within the drag-net of conspiracy all those who have been associated in any degree with the main offenders . . . there are opportunities of great oppression." United States v. Falcone, 109 F.2d 579, 581 (2d Cir.), aff'd, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940). *See also, e. g.,* Dutton v. Evans, 400 U.S. 74, 83, 91 S. Ct. 210, 216, 27 L.Ed.2d 213 (1970).

*Codefendant's pretrial statements.* Subdivision (b) of Rule 16 grants broader power, subject to the limitations of the Jencks Act, to order discovery than does subdivision (a). It provides:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or

portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable. Except as provided in subdivision (a)(2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500 [the Jencks Act]."

■ As a general matter, Rule 16(b) should be applied liberally to allow the defendant to know the nature of the case against him. First, the amendments to Rule 16, effective July 1, 1966, were designed "to expand the scope of pretrial discovery." Advisory Committee's Note, 39 F.R.D. 176. Second, this liberal spirit has been emphasized by the Supreme Court. In Dennis v. United States, 384 U.S. 855, 871, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966), the Court spoke of "the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice," and referred to "the expanding body of materials, judicial and otherwise, favoring disclosure in criminal cases analogous to the civil practice." More recently, speaking in the context of criminal discovery, the Court cautioned that "[t]he adversary system of trial discovery is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." Williams v. Florida, 399 U.S. 78, 82, 90 S. Ct. 1893, 1896, 26 L.Ed.2d 446 (1970).

■ Applied liberally subdivision (b) authorizes discovery by a defendant of the pretrial statements of his codefendants. The Advisory Committee's Note indicates that section (b) of Rule 16 covers "all other" items not covered by section (a). 39 F.R.D. 177. The pretrial statements of codefendants are not protected from discovery by the specific Jencks Act exemptions of section (b) since a defendant is not normally considered a prospective government witness. As one commentator has noted:

> "If the Government has chosen to proceed against two persons under the same indictment and to bring them to trial together as codefendants, then it would seem that neither should be considered a 'prospective government witness' as to the other, and their pretrial statements should not be given the immunity from pretrial discovery which is provided under the Jencks Act."

Everett, Discovery in Criminal Cases—In Search of a Standard, 1964 Duke L.J. 477–507.

With regard to the "materiality" and "reasonableness" requirements of Rule 16(b), we endorse the view that:

> "the pretrial statements of a person whose connection with the alleged offense is so intimate that he has been named a codefendant would seem to be quite material to the preparation of a defense. and a request therefor would appear eminently reasonable."

*Everett, supra,* at 507–508.

Another commentator has pointed out —what is obvious in any consideration of trial tactics—why detailed knowledge of codefendants' pretrial statements is necessary to prepare and conduct an intelligent defense:

> "(1) The statements are potentially important to defense counsel in preparing to meet the government's case and developing evidence on defendant's behalf. (2) The statements aid defense counsel in deciding whether to make a severance motion and in assisting the judicial determination of such a motion. (3) The statements mitigate the well-known proclivities of

some criminal defendants not to give their own lawyers a truthful account of their actions."

Rezneck, The New Federal Rules of Criminal Procedure, 54 Geo.L.J. 1276, 1285 (1966).

In most instances defense counsel will cooperate and exchange statements given to them by the government so that giving each defendant his own statement is the equivalent of giving each all codefendants' statements. But the issue is more than one of which side pays for xeroxing. In many instances defense counsel is not prepared to fully show his hand to other defense counsel until he knows what position other codefendants will take. This is particularly true in a case such as the one before us where there are so many defendants with different roles, degrees of participation, and, probably, culpability. Professor Wright cogently tells us:

> "One kind of document for which discovery should be liberally allowed is a statement of a codefendant. The materiality and importance of such statements are obvious. In most cases it should not be necessary to resort to Rule 16(b) since each defendant may obtain his own statements under Rule 16(a) and they may exchange the statements after they are received. If the defendants are hostile and do not wish to exchange statements this circumstance in itself should satisfy the requirements of Rule 16(b)."

Wright, Federal Practice and Procedure § 254 (1969). *See also* United States v. Westmoreland, 41 F.R.D. 419, 427 (S.D. Ind.1967) ("If for protective reasons they [codefendants] elect to proceed separately and to withhold from each other the statements their respective clients made, upon proper motion, subject to the opportunity of the government or either defendant to move for a protective order, the court would cause an undisclosed statement to be produced."); *cf.* A.B.A. Standards Relating to Discovery and Procedure Before Trial, Approved Draft 1970, § 2.1(a)(ii) (authorizing discovery of "any written or recorded statements and the substance of any oral statements made by the accused, or *made by a codefendant if the trial is to be a joint one*" [emphasis added]); Proposed Amendments to the Criminal Rules, Proposed Rule 16(a)(1)(ii), 48 F.R.D. 588. *But cf.* United States v. Gardner, 308 F.Supp. 425, 428 (S.D.N.Y.1969) (only *Bruton* statements available); United States v. Edwards, 42 F.R.D. 605, 606–607 (S.D. N.Y.1967) ("materiality and reasonableness" required for production of codefendants' statements under Rule 16(b)).

■ Unlimited discovery by a defendant of a codefendant's pretrial statements conceivably might prejudice the codefendant's defense. *Cf.* United States v. Westmoreland, 41 F.R.D. 419, 427 (S.D.Ind.1967). In some instances, too, a codefendant may be a prospective witness for the government subject to the Jencks Act limitation of subdivision (b). Some discretion must, therefore, be exercised to control discovery of codefendants' statements. We will allow each codefendant and the government ten days to show good cause why a specific statement should not be disclosed. *Cf.* United States v. Crisona, 416 F.2d 107, 115 (2d Cir. 1969) ("withholding a defendant's statement should be the exception, not the rule").

## CONCLUSION

Ordered that the government, prior to trial, permit the defendant Percevault to inspect and copy or photograph any relevant written or recorded statement or confession made

(1) by the defendant Percevault, or

(2) by any co-defendant, or·

(3) by any co-conspirator during the course and in furtherance of the conspiracy charged which the government intends to introduce against the defendant Percevault as his admission,

or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence màY become known, to the attorney for the government.

Ordered that the government, prior to trial, permit the defendant Percevault to inspect and copy or photograph any relevant written or recorded statement or confession made by a co-conspirator after the conspiracy terminated, including grand jury testimony, reporting a statement the government intends to introduce against the defendant Percevault as his admission because it was made by a co-conspirator in the course of and in furtherance of the conspiracy charged.

Unless a co-defendant or the government shows why this order should be modified, failure to comply will result in an order prohibiting the government from introducing in evidence the material not disclosed. *See* Federal Rules of Criminal Procedure, Rule 16(a), (b), (g). *Cf.* 18 U.S.C. § 3731.