The **UNITED STATES**

v.

**Fabrizzio AGNELLO et al.**

**No. 73 CR 827.**

United States District Court, E. D. New York.

Dec. 3, 1973.

Robert A. Morse, U. S. Atty., E.D.N. Y., Denis E. Dillon, Atty. in Charge, Organized Crime Section, by David J. Ritchie, Sp. Atty., Brooklyn, N.Y., for the United States.

DelRosso & Weinstein, by Anthony N. DelRosso, Hempstead, N.Y., for defendants Carmine Piccora, Frank Questel and Raymond Suarez.

Jerome F. Matedero, Brooklyn, N.Y., for defendant Nicholas Langella.

Krivit, Levitov, Miller, Galdieri & DeLuca, by Samuel R. DeLuca, Jersey City, N.J., for defendants Anthony Bamonte and Raymond Coughlin.

Michael A. Querques, Orange, N.J., for defendant Pasquale Macchirole.

Gilbert S. Rosenthal, New York City, for defendant Anthony Bencivenga.

Vincent L. Verdiramo, Jersey City, N.J., for defendants Joseph Conte, Charles Greene, Fred Smith, Albert Grasso, Joseph Danduono and Fabrizzio Agnello.

Dennis D. S. McAlevy, Jersey City, N.J., for defendant Donald Fontana.

Joseph W. Allen, New York City, for defendant Gerard Ruggiero.

Saxe, Bacon, Bolan & Manley, by Roy M. Cohn, New York City, for defendants Hildo Gillis and John Macchirole.

Joseph J. Lombardo, Brooklyn, N.Y., for defendant Spadafora.

Seymour Margulies, Jersey City, N.J., for defendant Neil Pacilio.

COSTANTINO, District Judge.

Several of the defendants in this proceeding have made omnibus pretrial motions. Following oral argument, the receipt of briefs and pretrial conferences the court makes the following rulings:

### Pasquale Macchirole

1. *Motion for severance*

■■ The bases for defendant's motion are that he is seriously ill and therefore unable to stand trial, and that he anticipates that he will call certain codefendants to testify on his behalf. With regard to the latter reason the court denies the motion for severance, with leave to renew at the time of trial when a proper showing of prejudice can be made. With regard to defendant's claim of illness·the court will reserve decision, pending examination of the defendant by a government appointed physician.

2. *Motion to dismiss the indictment on the ground that it violates Rules 7 and 12 of the Federal Rules of Criminal Procedure*

The motion is denied.

### Gerard Ruggiero

1. *Motion for severance*

The motion is denied, with leave to renew at the time of trial when a proper showing of prejudice can be made.

### Donald Fontana, Fabrizzio Agnello, Fred Smith, Charles Greene, Joseph Danduono, Albert Grasso and Joseph Conte

1. *Motions to dismiss the indictment on the ground that it violates Rule 7 of the Federal Rules of Criminal Procedure*

The motions are denied.

2. *Motions for severance*

The motions are denied with leave to renew at the time of trial when a proper showing of prejudice can be made.

3. *Motions to dismiss count 13 of the indictment on the ground that it is impermissibly vague and that it fails to charge an offense*

The motions are denied.

*Nicholas Langella*

1. *Motion for severance*

The motion is denied with leave to renew at the time of trial when a proper showing of prejudice can be made.

*Carmine Piccora, Frank Questel and Raymond Suarez*

1. *Motion to dismiss the indictment on the ground that it violates Rules 7 and 12 of the Federal Rules of Criminal Procedure*

The motion is denied.

2. *Motion for severance*

The motion is denied, with leave to renew at the time of trial when a proper showing of prejudice can be made.

*All defendants*

1. *Motion for severance on the ground that the indictment is unmanageable*

█ The indictment consists of fourteen counts charging twenty three defendants, and encompassing a period of over eight years. The defendants argue that unless the indictment is "broken down" none of the defendants will receive a fair trial. Although the argument has verisimilitude, the court at this stage of the proceedings does not have a sufficient factual basis to make a ruling. Specifically, the court could not direct the form or manner in which this case should be dissected.

The court is cognizant, however, that because of the complexity of the charges and the number of defendants involved, grave problems may be anticipated. For example, there are several defendants who are named in the conspiracy count only and not in any of the thirteen substantive counts. While this alone is not controlling, it cannot be questioned that during the trial a large portion of the evidence received will not apply to these defendants. Concomitantly, where the evidence to be received at trial is to be voluminous and where a jury is required to make its determination on the basis of inferences to be drawn from circumstantial evidence, substantial prejudice may arise in that the jury may not be able to decipher the facts, thus becoming confused and unable to judge each defendant on the merits of his own case.

Fortunately, the prosecuting attorney, Special Attorney David J. Ritchie, has foreseen the difficulties confronting this court. He has proffered to the court his suggestion as to how this case could be simplified if this court should find that the indictment is unmanageable.

Though the government attorney continues to object to the granting of any motion for severance, he would agree that this case is highly intricate and will require a protracted trial. Therefore, based upon the complexity of the charges, the anticipated duration of the proceedings, the number of defendants, and the fact that several of the defendants are named solely in the conspiracy count, the court is inclined to accept the prosecutor's suggestion with a view toward facilitating these proceedings. Consequently, the court orders that the following defendants are severed from the initial trial: Fabrizzio Agnello, Nicholas Langella, Anthony Spadafora, Raymond Suarez, Keith Lofton, Jasper Lester, Alfred Smith and Hildo Gillis.

2. *Motion to dismiss the indictment on the ground that it is not based upon adequate evidence*

After having made an *in camera* inspection of the Grand Jury minutes, the court finds that the indictment was properly obtained. Therefore, the motion is denied.

3. *Motion to discover and inspect statements by codefendants pursuant to Rule 16 of the Federal Rules of Criminal Procedure*

Count XIV of the indictment charges that during the period beginning on or about January 1, 1964, and ending on September 12, 1972, all the defendants "did knowingly and willfully combine, conspire, confederate and agree together, with one another and with others, to

embezzle and steal foreign shipments of freight in violation of 18 U.S.C. § 659 (1971), to unlawfully remove merchandise from customs in violation of 18 U.S.C. § 549 (1971) and to transport in interstate commerce stolen merchandise known to have been stolen in violation of 18 U.S.C. § 2314 (1971)."

In Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), the Court sounded the following warning:

A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants. *See, e. g.,* United States v. Bufalino, 285 F.2d 408, 417–418 (C.A.2d 1960). Under these circumstances, it is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked. In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. Exceptions to this are justifiable only by the clearest and most compelling considerations. *Id.* at 873, 86 S.Ct. at 1851.

Recently a federal district court has held that a defendant is entitled to see copies of "all statements the government intends to offer against him as his admission whether they were made by him directly or indirectly or by his agent or by a coconspirator during the course and in furtherance of the conspiracy." United States v. Percevault, 61 F.R.D. 338 (E.D.N.Y., filed Oct. 26, 1973) (Weinstein, J.).

■ It is of course well settled that a statement made by a coconspirator during the course and in furtherance of a conspiracy may be offered in evidence against a defendant as if it were his own utterance. Unquestionably these statements are detrimental to a defendant's case in that they can be damaging while the defendant may be completely unaware of their existence. This will be especially true where the conspiracy charged involves crimes purported to have been committed over a period spanning eight years and which involve many diverse acts committed by diverse parties.

The government opposes discovery of any statements not actually made by a defendant. It argues that Rule 16 refers only to statements made by *the* defendant. In essence the government urges a strict construction of Rule 16. This, however, would fly in the face of the legislative history of the rule, 8 J. Moore, Federal Practice ¶ 16.01 (2d ed. 1965), and the case law arising thereunder. Dennis v. United States, *supra.*

Additionally, the government relies upon United States v. Louis Carreau, Inc., 42 F.R.D. 408 (S.D.N.Y.1967) to support its position. The court in that case held that Rule 16 did not entitle defendants, two corporate officers, to discover statements made by a bookkeeper employed by them to government agents. The ruling hinged upon the court's finding that the statements did not constitute a statement of a defendant producible under Rule 16(a) and that the defendants had failed to show that it was material to the preparation of their defense.

Clearly the holding in *Carreau* has little import to the case *sub judice.* The statements of coconspirators can be admitted into evidence against a defendant as if they were his own. Consequently, they should be deemed to be statements made by the defendant under Rule 16(a) or in the alternative they should be deemed to be of such importance as to necessitate their discovery under Rule 16(b). Surely such a ruling would in no way compromise the government's case.

■ With regard to statements of codefendants other than those which the government intends to introduce as coconspirator's statements, the government stands in a different position. Each defendant can discover and inspect copies of his own statements. Whether a de-

fendant will allow other defendants to examine his statement is subject to the discretion of the defendant and his counsel. Absent a showing of "particularized need" or other good cause, the court should not intervene in these matters. United States v. Westmoreland, 41 F.R.D. 419, 427 (S.D.Ind.1967). The defendants have failed to make any showing that the statements of other codefendants are material to the preparation of their defense.

Accordingly, the motion to discover the statements of other codefendants is denied, except that it is ordered that the government prior to trial, permit each defendant to inspect and copy or photograph copies of any relevant written or recorded statement made by any coconspirator during the course and in furtherance of the conspiracy charged which the government intends to introduce against that defendant as his admission, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

### 4. *Motion for Bill of Particulars*

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the defendants move for an order directing the government to answer certain particulars. The government resists the motion in its entirety. Since the particulars involved have application to each defendant in this case, the court's disposition of the requests will apply to each of them.

It has long been settled that a defendant is entitled to those particulars which are necessary to enable him to prepare his defense, to avoid surprise, and to plead double jeopardy. United States v. Murray, 297 F.2d 812 (2d Cir. 1962); United States v. Tanner, 279 F.Supp. 457 (N.D.Ill.1967); United States v. Baker, 262 F.Supp. 657 (D.D.C.1966); United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y.1961); United States v.

Smith, 16 F.R.D. 372 (W.D.Mo.1954) (Whittaker, J.).

In the *Smith* case, then Judge Whittaker stated:

Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information good against a motion to quash or a demurrer. Its proper office "is to furnish the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial", and when necessary for those purposes, is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature", and the accused is entitled to this "as of right". United States v. U. S. Gypsum, D.C., 37 F.Supp. 398, 402. To the same effect are Singer v. United States, 3d Cir., 58 F.2d 74, United States v. Allied Chemical & Dye Corp., D.C., 42 F.Supp. 425, 428; Fontana v. United States, 8 Cir., 262 F. 283. It seems quite clear that "where charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, a bill of particulars should be ordered." Cases cited and United States v. Grossman, 2 Cir., 55 F.2d 408; Chew v. United States, 8 Cir., 9 F.2d 348, 353. . . .

Without definite specifications of the time and place of commission of the overt acts complained of, and of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise. *Id.* at 375.

Questions as to what particulars should be furnished a defendant are subject to the sound discretion of the

court, Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927), and should be decided on the basis of the indictment used and the surrounding circumstances of the crimes charged. United States v. Tanner, 279 F.Supp. 457 (N.D.Ill.1967). Although the rule can be simply stated its application to the specific facts of any given case, especially those involving conspiracy charges, can be perplexing. In conspiracy cases, if the government is to rely upon proof of specific acts to establish the case, there is no question that the defendants alleged to have participated in such acts should be furnished with sufficient detail to fairly apprise them of the transactions to be proved so that they will have a reasonable opportunity to meet the charges of performing the specific acts. On the other hand where the government is going to rely on the inferences which may be drawn from the "numerous details and circumstances of one kind or another, which may be found to constitute a significant pattern of actual or prospective conduct", the government should not be required to furnish particulars. United States v. The Metropolitan Leather & Findings Ass'n, Inc., 82 F.Supp. 449, 454–455 (S.D.N.Y.1949) (Medina, J.).

The controversy in this case stems from the government's refusal to provide answers to the following particulars:

With regard to counts one through thirteen:

A. Of all the defendants in counts one through thirteen, specify which of them are alleged as actually having committed the offense and specify which of them are alleged as having aided, abetted, counseled, commanded, induced, procured, or caused the commission of the offense.

B. If any of the defendants are alleged as having aided, abetted, caused, counseled, commanded, induced or procured the commission of any of the offenses:

(i) State specifically whether he aided, abetted, caused, counseled, commanded, induced or procured the commission of the offense.

(ii) State specifically the means by which he performed one of the latter acts.

C. Give the name and address of any aider or abettor not named in the indictment but known to the government, or any aider and abettor who has become known to the government since the time of the indictment.

With regard to count fourteen:

D. State the names and addresses of all coconspirators.

E. State the names and addresses of all coconspirators who were not known to the government or Grand Jury at the time the indictment was returned but have since become known to the government or Grand Jury.

F. State the names and addresses of each coconspirator known to the government at the time of indictment but not named in the indictment.

G. (i) In what manner did the conspiracy arise? Was there a meeting which took place to initiate a conspiracy?

(ii) State the date, time, place and persons present at such meeting.

H. Specify all overt acts which were unknown at time of indictment but have since become known; and such nature of act, time, place and persons present.

I. State particulars as to time, place, persons present and nature of any overt acts which could have been included in the indictment, but were not and which would be testified to at trial.

J. State what actions each of the defendants are alleged to have contributed to this conspiracy.

■ In light of the above discussion of law and on the basis of the form of the indictment drawn, i. e., the sparsity of specific allegations of wrongful acts, the duration of the period during which the alleged offenses were committed and the number of defendants involved, the

court directs the government to furnish the particulars for requests A through E to each of the defendants individually, as may be required by the facts and circumstances of this case. The government's obligation is limited to that information it is aware of or in the exercise of good faith it should be expected to ascertain. The government shall not be required to respond to requests F through J.